## 9988

### TURNER *ET AL.* v. WALKER.

(96 S. E. 481.)

1. JUDGMENT — RES ADJUDICATA — PROCEEDING TO EJECT TENANT.— STATUTE.—Proceedings brought by landlords against a tenant to eject him as a trespasser, dismissed by the magistrate for want of jurisdiction on the tenant's pleading the title involved, is not *res adjudicata* in special proceedings brought by the landlords against the tenant before two magistrates and a jury, under Civ. Code 1912, sec. 3507, which is between landlord and tenant as such.

2. JUDGMENT—RES ADJUDICATA—PROCEEDINGS AGAINST TENANT—ORDER DISSOLVING INJUNCTION.—In proceedings, under Civ. Code 1912, sec. 3507, by landlords against their tenant to eject him for holding over after expiration of lease, an order of a Circuit Judge, dissolving injunction granted on account of the pendency of another action, was *res adjudicata* against the contention of the tenant that the result of the former action was conclusive.

3. LANDLORD AND TENANT — HOLDING OVER — PROCEEDINGS TO EJECT TENANT—TITLE AS DEFENSE—STATUTE.—In special proceedings by landlords against their tenant, under Civ. Code 1912, sec. 3507, to eject him for having held over after expiration of the lease, the question of title to real estate is not involved, and is no defense.

4. ABATEMENT AND REVIVAL—PENDENCY OF OTHER ACTION—SEPARATE CHARACTER OF CAUSES OF ACTION—STATUTE.—As regards abatement for pendency of other actions, an action of ejectment against a trespasser, or trespass to try title, and an action to construe an alleged deed or mortgage and to cancel the record thereof as a cloud on title, and for damages, are entirely different causes of action from a special proceeding by landlords against a tenant who has held over after expiration of lease, under Civ. Code 1912, sec. 3507, before a special tribunal of two magistrates and a jury, to eject him.

5. LANDLORD AND TENANT—ATTORNMENT.—A tenant, having entered into possession under one landlord, cannot attorn to another landlord without having first given up his possession.

6. COSTS—TIME FOR OBJECTION.—Costs will be taxed in the usual manner provided by law where no point was made before the trial Judge as to the collection of the cost of the proceedings until regularly taxed, and no point was made before him that they should not be collected on account of any appeal pending, or any other reason.

Before SPAIN and McIVER, JJ., Beaufort, Spring term, 1918. Affirmed.

Proceeding by Emily K. Turner and others against J. B. Walker. From an order denying writ of *certiorari* to defendant, and granting plaintiffs writ of mandamus prayed for, defendant appeals.

The order of Judge McIver, directed to be reported, is as follows:

This cause came on for hearing before me at chambers, at Ridgeland, S. C., upon the rule to show cause and restraining order granted by Hon. James E. Peurifoy, Circuit Judge, dated February 19, 1918, and the return to the said rule, in which return the respondent as to the rule aforesaid and restraining order asked that the same be dismissed and dissolved. Further, it was asked for a writ of mandamus, requiring special deputy, Noah Sykes, to execute the writ of ejectment heretofore issued.

After hearing W. J. Thomas, Esq., and Thomas Talbird, Esq., attorneys for the relator, and W. Horton Colcock and DePass & DePass, attorneys for the respondents, and upon full consideration of all the points raised on both sides, I conclude, hold and adjudge as follows:

First. That the contention of the petitioners that the proceedings heretofore brought by the same plaintiffs against the same defendant, to eject the said defendant as a trespasser, which was heretofore dismissed by Magistrate Heyward ·for the want of jurisdiction upon the said defendant pleading title invoked, is not *res adjudicata* as to the special proceedings brought by the same parties plaintiffs against the same party defendant, before two magistrates and a jury, under section 3507 of the Civil Code of 1912, which is between landlord and tenant, an entirely different cause of investigation. I further hold, as to this contention of the relator, that Judge Spain's order, dated February 4, 1918, based upon the showing made before him, is *res adjudicata* against the contention of the relator.

Second. I hold, and adjudge, that the special proceedings herein is between landlord and tenant, to which the question of title to real estate is not involved and is no defense. I further hold that the said order of Judge Spain is *res adjudicata* as to this position.

Third. I hold and adjudge that, as to the position taken by the relator "that there is another action pending between the same parties, for the same cause in the Circuit Court," the action or actions in the Circuit Court are not for the same cause; one of them being for an ejectment against a trespasser or trespass to try title, and the other action in said Court being an action to construe an alleged deed or mortgage, and to cancel the record thereof as a cloud upon the title and for damages, as shown by the amended complaint. Both of which are entirely different causes of action or contentions from that in the special proceedings before a special tribunal of two magistrates and a jury, under section 3507 of Code of 1912. Likewise order of Judge Spain is *res adjudicata* as to this position.

I find no tenable ground upon which the writ prayed for by relator should be issued. The special tribunal of two

magistrates and jury under the statute had jurisdiction of the parties and subject matter involved.

It is, therefore, ordered, adjudged and decreed that the rule to show cause, heretofore granted by Judge Peurifoy, dated February 19, 1918, be, and the same is hereby, discharged, and the restraining order contained therein is hereby dissolved, and the writ of *certiorari* prayed for by relator is hereby refused.

It is further ordered that the writ of mandamus prayed for by respondents in their return be, and the same is hereby, granted, and the said Noah Sykes, special constable, deputized for that purpose, is hereby directed and required to execute said warrant of ejectment issued by magistrates M. R. Cooper and H. G. Heyward, dated February 18, 1918, and to collect the costs as said special proceedings from the defendant, J. B. Walker, therein by execution, five days after the date of this order.

No point was made before Judge McIver of the collection of the cost of the ejectment proceedings until same were regularly taxed, nor was any point made before him that same should not be collected on account of any appeal pending, or for any other reason. Notice of intention to appeal from the order of Judge McIver was duly served. The exceptions of defendant are as follows:

It is respectfully submitted that both his Honor, Judge Spain, in his order of February 4th, dissolving the injunction granted January 15th by Judge Peurifoy, and also his Honor, Edward McIver, in his order of February 27th refusing the writ of *certiorari*, erred in holding and deciding:

(1) That the proceedings brought before Magistrate H. G. Heyward, on the 11th day of July, 1917, by the same parties plaintiff against the same party defendant for ejectment from the same premises, and the judgment rendered, in which the magistrate held that the magistrate's Court was without jurisdiction because the question of title to land

was in question, is not *res judicata* as to that question, said judgment being now a record, never having been reversed or set aside.

(2) That the action pending in the Court of Common Pleas for said Beaufort county by the same parties plaintiff, against the same party defendant to eject him from the same premises is not for the same cause, but is for a different cause of action and different contention.

(3) That the cause pending in the Court of Common Pleas for said Beaufort county, by the same parties plaintiff, against the same J. B. Walker and Morton K. Moore, defendants, is not in effect an action pending between the same parties for the same cause, but is for a different cause and for a different contention.

(4) In holding that this is a special proceeding before two magistrates under section 3507 of the Code, and that such Court constitutes a special tribunal in which the question of title cannot be brought into question.

(5) In holding that this is a special proceeding between landlord and tenant, and that under section 3507 of the Code of 1912, in such a proceeding as this, the question of title to real estate is excluded and cannot be set up in any way whatsoever

(6) In deciding and holding that the question of title to real estate involved does not come in question.

(7) In holding that there are no questions of equity involved in determining the rights of the respective parties of interest in this proceeding.

(8) It is recpectfully submitted that his Honor, Judge McIver, erred in holding that the order of Judge Spain is *res judicata* as to all the questions before him, and that he had no jurisdiction to pass upon the points raised in the petition for the writ of *certiorari,* when, as a matter of fact, the writ of ejectment had not been issued when the order of Judge Spain was signed.

(9) It is respectfully submitted that his Honor, Judge McIver, erred in refusing to issue the writ of *certiorari.*

(10) It is respectfully submitted that his Honor, Judge McIver, erred in ordering Noah Sykes, special constable, to collect the cost of said special proceeding from the defendant, J. B. Walker, by execution five days after the date of the order, for the reason: (a) The cost could not be collected until regularly taxed up and passed upon by the proper authority; (b) the whole case is under appeal, and the cost should not be collected until it is finally determined who is responsible for the costs.

*Messrs. Talbird & Jenkins,* for appellant, cite: *As res judicata:* 17 S. C. 40; 19 S. C. 157. *As to error in holding that the question of title to real property could not be raised by defendant:* 10 S. C. 301; Code of Civil Procedure (1912), sec. 80, section 87, subdivision 2; Code of Procedure (1912), sec. 80, subdivision 10; Code of Procedure (1912), sections 88 and 89; Constitution of 1895, art. V, sec. 21; I Words and Phrases 986; 80 U. S. 581; 20 L. Ed. 638; 1 Words and Phrases 985. *A writ of mandamus cannot be issued except upon notice, and the issues must be tried in the county where the defendant resides:* 50 S. C. 558; 70 S. C. 288; vol. I, Code of 1912, sec. 4101. *Pendency of a prior suit for the same thing between the same parties in a Court of competent jurisdiction will abate a later suit:* Cyc. 21.

*Messrs. F. Horton Colcock* and *DePass & DePass,* for respondent, submit: *"A proceeding under Gen. Stat. 435 (Code 3507), by a landlord to eject his tenant, is not an action within the meaning of the term as used in sections 81, 82, 83 and 84 of the Code of Procedure:"* (Sec. 87, Code 1912); 10 S. C. 301; 3 Strob. Eq. 44; 34 Kan. 585; 9 Pac. 197; 1 Cyc. 31. *The action pending in the Court of Common Pleas is for a different cause:* 17 S. C. 153. *The question of title to real property is not involved:* 38 Cyc. 105,

and note; 6 S. E. 405.   *As to res judicata:* 26 S. C. 208; 2 S. E. 1; 10 S. E. 301; 44 S. C. 462.   *Findings of fact by magistrate are final and cannot be reviewed under any process:* 24 S. C. 510.   *The appeal herein could not affect the question of costs in the proceeding before the magistrate.* 3 Strob. Eq. —; Civil Code of 1912, sec. 3459.

June 24, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge McIver.   His order sets out the case, and will be reported.

Exceptions 1, 2, 3, 4, 5, 6, 7, 8 and 9 are overruled for the reasons assigned by Judge McIver and the further reason that the defendant, having entered into possession under one landlord as tenant, cannot attorn to another landlord without first giving up his possession.

Exception 10 is overruled, and costs will be taxed in the usual manner provided for by law.

Judgment affirmed.