14917

PARNELL v. POWELL *ET AL.*

(3 S. E. (2d), 801)

October, 1938.

160
160

*Messrs. Dargan & Paulling,* for appellants,

*Messrs. C. T. McDonald, P. H. McEachin* and *L. M. Lawson,* for respondent

July 12, 1939.

The opinion of the Court was delivered by Mr. Justice Fishburne.

The plaintiff-respondent here, brought action against the defendants for the recovery of damages for personal injuries alleged to have been received by her when the automobile in which she was riding was driven over a railroad crossing in Darlington County. To the complaint the defendants-appellants here, filed a general denial. The case was tried in Darlington County, and resulted in a mistrial. Subsequently, and before the case was again reached for trial, the plaintiff moved, upon due notice, before the lower Court for a voluntary nonsuit without prejudice. Over the objection of the defendants the motion was granted and an order passed discontinuing and dismissing the action. The Court held that the plaintiff was entitled to the order of dismissal as a matter of law, and further held that it was without authority to impose any terms or conditions, other than such as are fixed by the statute law or by the rules of Court.

Appellants contend that the respondent's motion for a voluntary nonsuit was addressed to the discretion of the Court; that she was not entitled to an order of nonsuit as a matter of absolute right, and that the Court erred in failing to exercise its discretionary power.

In this State we have no statute or Court rule governing the question as to when a plaintiff may take a voluntary nonsuit or dismiss or discontinue his action, either in actions at law or suits in equity. The question is controlled wholly by the common law as announced or modified by the decisions of the Court.

In the following cases the question whether the plaintiff was entitled to a voluntary dismissal or nonsuit, without prejudice, arose after the commencement of the trial and during some stage of its progress; under such circumstances it was held that a motion to dismiss or discontinue, without prejudice, was addressed to the discretion of the Court: *State v. Southern R. Co.,* 82 S. C., 12, 62 S. E., 1116; *Pee Dee River Lumber Co. v. Fountain,* 90 S. C., 122, 72 S. E., 885; *Bell v. Clinton Oil Mill,* 129 S. C., 242, 124 S. E., 7; *American Trust Co. v. Bloom,* 148 S. C., 386, 146 S. E., 249; *Armitage v. Seaboard Air Line R. Co.,* 166 S. C., 21, 164 S. E., 169; *Barr v. Witsell et al.,* 173 S. C., 199, 175 S. E., 436. And see extended note in 89 A. L. R., 13. Also see *Cunningham v. Independence Ins. Co.,* 182 S. C., 520, 189 S. E., 800.

It is well settled that the plaintiff does not possess the unquestioned right at all times and under all circumstances to voluntarily terminate his action, without prejudice to the bringing of a new action by taking a voluntary nonsuit. His right to do so frequently depends upon the effect that it will have upon the defendants rights. Especially is this true where the defendant has set up a counterclaim or pleaded other affirmative relief.

If the discontinuance or dismissal before trial will not result in legal prejudice to the defendant, a plaintiff ordinarily has a right to discontinue any action commenced by him. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued and injustice will be done to them by permitting the discontinuance.

In such a case, through the control which the Court exercises over its order, there is discretion to refuse the discontinuance, but where nothing appears to show prejudice or violation of the rights or interests of the adverse party, the plaintiff may be granted a voluntary nonsuit, conditioned upon such terms and conditions as may be proper to protect the defendant.

From a review of our own decisions and those from other jurisdictions, we are unable to preceive any sound reason for holding that a plaintiff has an absolute right to take a voluntary nonsuit before trial, irrespective of a showing of substantial prejudice by the defendant. In our opinion, the Court should exercise its discretion in passing upon such motions, whether made prior to the commencement of the trial or after the trial has been entered upon.

Therefore the exceptions of the appellants raising this issue must be sustained.

The judgment is reversed, and the case is remanded.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.

MR. JUSTICE CARTER did not participate on account of illness.