16601

BROWN v. PALMETTO BAKING CO.
(69 S. E. (2d) 598)

*Mr. T. B. Bryant, Jr.,* of Orangeburg, *for Appellant,* cites:

*Messrs. Connor & Connor,* of Kingstree, *for Respondent,* cite:

March 24, 1952.

BAKER, Chief Justice.

This is an appeal from an order granting a motion for nonsuit, made before trial, without prejudice. The action was instituted in the Court of Common Pleas of Williamsburg County by the respondent against the appellant for the recovery of damages for an alleged slander. Upon motion of the appellant the cause was transferred to Orangeburg

County. The ground of the motion was that the Williamsburg County Court of Common Pleas did not have jurisdiction to hear and determine the cause. The motion was granted. The order was affirmed by this Court, *Brown v. Palmetto Baking Company,* 220 S. C. 38, 66 S. E. (2d) 417, pursuant to Subsection 1 of Section 426 of the Code, which provides that the Court may change the place of trial "when the county designated for that purpose in the complaint is not the proper county."

Upon the remand of the case the respondent moved for a voluntary nonsuit, without prejudice. In support of the motion the respondent's counsel made an affidavit setting forth that the trial of the cause would require on the part of the respondent the attendance of "approximately twelve witnesses" who reside in Williamsburg County, and that as these witnesses "are mostly storekeepers or store clerks" it would be a hardship upon them to be required to attend court in Orangeburg County, whereas Florence is a much nearer place for trial, and that the trial there would remove much of the hardship to said witnesses in attending trial.

Appellant presented an affidavit giving as reasons for resisting the motion the fact that it had already incurred substantial expense in the defense of the cause; that the executive offices of the appellant are located in Orangeburg and that its executive officers live there; and that the granting of the voluntary nonsuit would result in the bringing of a new suit, in another county, raising the same issues, thereby subjecting the appellant to further expense and to suffer hardships by having its executive officers attend trial in a distant county; in these respects, the affidavit proceeds, the appellant will suffer substantial prejudice, whereas the respondent has made no showing that his rights will be prejudiced if the motion is refused.

The motion was granted by the Circuit Judge. The decretal portion of the order granting the motion is as follows: "Ordered, That the motion of the plaintiff for leave

to take a voluntary nonsuit, without prejudice, in the above entitled action, be, and the same is hereby granted and the plaintiff is authorized and empowered to institute such other or further action as he shall deem advisable; provided, however, that no such action shall be commenced unless and until the plaintiff shall have paid all of the legal costs incurred by the defendant herein."

This appeal is from the order so made.

The single exception before us is as follows: "That it was an abuse of discretion for the Presiding Judge to grant a voluntary nonsuit without prejudice when it was admitted that the same was sought for the purpose of changing the place of trial to Florence County."

From the foregoing it is perceived that the reasons given for opposing the dismissal of the action relate to the expense that will be incurred and the inconvenience that will be suffered by the appellant in being subjected to the institution of another suit in Florence County, while on the other hand, the only burden imposed upon the respondent as a condition of obtaining an order of nonsuit without prejudice, is that he will be under the necessity of paying the accrued costs of the litigation.

Admittedly, the imposition of costs as a condition of permitting the voluntary dismissal of an action without prejudice is of little significance or importance under the practice in this State. If the costs to which the plaintiff may be subjected as a condition of the granting of the relief sought were substantial in amount, it could be deemed unlikely that a litigant would resort to the device of instituting suits and taking voluntary nonsuits in successive steps, for the purpose of harassing a defendant into paying a claim or otherwise settling a suit, while on the other hand the amount of costs involved in the initial steps of the cause under the practice in this State is not sufficient to deter a litigious plaintiff from harassing a defendant with successive suits.

But these and other pertinent considerations involved in the general policy of the law not to encourage the prolonging of litigation have already been weighed by this Court, with the result that in a line of cases decided over the years a rule has been adopted which under the circumstances of this case requires the affirmance of the order of the Circuit Judge.

The subject was fully reviewed in the case of *State v. Southern Railway*, 82 S. C. 12, 62 S. E. 1116, where the rule was declared to be that a motion for dismissal of a cause without prejudice may not be granted as a matter of absolute right, but may be granted in the discretion of the Circuit Judge where it is made to appear that the discontinuance will not work material prejudice to the defendant, and that such prejudice may not be deduced from the bare fact that the granting of the motion will impose upon the defendant the necessity of defending a new suit which may be in the contemplation of the plaintiff.

The governing rule as above stated was again fully set forth in the case of *Parnell v. Powell*, 191 S. C. 159, 3 S. E. (2d) 801, 802, where this Court, after full consideration of the matter, stated the rule as follows:

"It is well settled that the plaintiff does not possess the unquestioned right at all times and under all circumstances to voluntarily terminate his action, without prejudice to the bringing of a new action by taking a voluntary nonsuit. His right to do so frequently depends upon the effect that it will have upon the defendant's rights. Especially is this true where the defendant has set up a counterclaim or pleaded other affirmative relief.

"If the discontinuance or dismissal before trial will not result in legal prejudice to the defendant, a plaintiff ordinarily has a right to discontinue any action commenced by him. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued and injustice will be

done to them by permitting the discontinuance. In such a case, through the control which the Court exercises over its order, there is discretion to refuse the discontinuance, but where nothing appears to show prejudice or violation of the rights or interests of the adverse party, the plaintiff may be granted a voluntary nonsuit, conditioned upon such terms and conditions as may be proper to protect the defendant.

"* * * In our opinion, the Court should exercise its discretion in passing upon such motions, whether made prior to the commencement of the trial or after the trial has been entered upon."

An illustration of the application of the rule stated, to a situation in which the presence of legal prejudice to the defendant should have led the trial court to refuse the motion for dismissal without prejudice is found in the recent case of *Romanus v. Biggs*, 217 S. C. 77, 59 S. E. (2d) 645, 648. In that case the moving papers and the reply thereto disclosed that the action was one for a partnership accounting involving a wholesale liquor business, and that one of the defendants, a bank, had made considerable advances to one or more of the parties in interest for the purchase of liquor, on the security of the liquor, and at the time of the institution of the suit had been enjoined from enforcing its collateral and from crediting any funds in its hands on the advances made by it. It further appeared that by reason of the restraint thus imposed, the defendant bank had sustained considerable losses. Under these circumstances we held that the dismissal of the action with the prospect of the immediate institution of another suit against the same parties would be prejudicial to the defendants, and that by reason of such prejudice the motion to dismiss without prejudice should not have been granted.

While the *Romanus case* was a suit in equity, that fact had no bearing upon our conclusions for as we said in the opinion in that case: "It has long been the rule that motions to discontinue in equity cases are addressed to the discretion of the Court and will be refused when discontinuance will

work prejudice to the defendant, but at one time the rule was otherwise as to actions at law, in which a plaintiff was permitted to discontinue or take a nonsuit as a matter of right. However, dissatisfaction arose with this wholly artificial distinction, and the well settled rule now is that motions to discontinue are addressed to the discretion of the Court both in suits in equity and in actions at law."

The holdings of this Court which make possible the dismissal of actions without prejudice except in the special circumstances indicated above, might well be questioned, as tending to promote litigation and as involving injustice to defendants, but the rules on this subject as above set forth have too long been the settled law of this State to be questioned at this late day.

The conclusions above stated require that the single exception upon which this case comes before us must be overruled. This disposition of the matter, however, does not preclude the defendant, in a subsequent suit, from resorting to the provisions of Subsection 3 of section 426 of the Code, relating to a change of venue on the grounds of convenience of witnesses and the promotion of the ends of justice, if the facts so warrant.

The order of the Circuit Court is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.