16637

MOORE v. SOUTHERN COATINGS & CHEMICAL CO.
(71 S. E. (2d) 311)

Messrs. *John G. Dinkins,* of Manning, and *Nash & Wilson,* of Sumter, *for Appellant,* cite:

Messrs. *Schwartz & Schwartz,* of Sumter, *for Respondent,* cite:

June 10, 1952.

*Per Curiam.*

This is an action for damages by an injured employee against his employer. Plaintiff alleged, in substance, the negligent obstruction of his place of work in defendant's plant, which caused him to fall and resulted in the injury. However, his evidence was to the effect that in the performance of his duties and in order to avoid the obstruction he attempted to walk across a table-like machine, slipped or tripped and fell. At the close of plaintiff's case defendant moved for a nonsuit, quoting from the record, "on the ground that no actionable negligence has been shown by the plaintiff." The motion was denied by the court with the observation that ruling with respect to punitive damages was reserved until the rest of the testimony should be heard.

At the conclusion of all of the evidence, defendant moved for direction of the verdict on the ground that there was no evidence to sustain the allegations of the complaint. The latter was conceded by counsel for plaintiff who thereupon moved to amend the complaint to conform to the proof. Defendant opposed the motion to amend on the ground of surprise, whereupn plaintiff moved for a voluntary nonsuit which was granted in order, as was said by the Court, "that justice may be done," which was coupled with a denial of direction of verdict for the defendant.

Defendant appealed and urges as error that verdict should have been directed for it instead of the nonsuit which was granted, whereby plaintiff will be enabled to bring another action. But we find no error and nonsuit must be affirmed. Defendant has shown no legal prejudice to it by reason of the nonsuit. The mere fact that it may have to defend another similar action is not prejudicial. *Pilot Life Ins. Co. v. Habis,* 4 Cir., 90 F. (2d) 842. Granting of the nonsuit was within the discretion of the court and abuse is not apparent. Unlike many other States, we have no applicable statute. *Parnell v. Powell,* 191 S. C. 159, 3 S. E. (2d) 801. Our leading decisions on the subject are reviewed in an annotation in 89 A. L. R. 13, 30, which is supplemented in 126 A. L. R. 284, 287. A later well-considered case is *Romanus v. Biggs,* 217 S. C. 77, 59 S. E. (2d) 645.

A case of very similar facts to this is *Booth v. Langley Mfg. Co.,* 51 S. C. 412, 29 S. E. 204, opinion by Chief Justice McIver, in which it was held that amendment of the complaint to conform to the evidence should have been allowed. It was also indicated that it was error to refuse plaintiff's motion for voluntary nonsuit; and the judgment of involuntary nonsuit, which was granted on defendant's motion, was reversed. The defendant fared better in the case at bar, under the ruling from which it appeals.

Having concluded that voluntary nonsuit was properly within the discretion of the trial court and it having been granted, the situation is as if no action had been brought, which is the general rule, and assignments of intermediate errors will ordinarily not be considered on appeal. Annotation, 11 A. L. R. (2d) 1407. *Allen v. Atlantic & C. A. L. Ry. Co.,* 216 S. C. 188, 57 S. E. (2d) 249. *Kay v. Meadors,* 216 S. C. 483, 58 S. E. (2d) 893. *Allen v. Southern Ry. Co.,* 218 S. C. 291, 62 S. E. (2d) 507.

Affirmed.

STUKES, TAYLOR, OXNER, JJ., and HENDERSON and BRAILSFORD, Acting Associate Justices, concur.