16879

WILDHAGEN *ET AL.* v. AYERS
(82 S. E. (2d) 609)

*I. H. Jacobson, Esq.,* of Charleston, *for Appellants,* ▉

*Messrs. Stoney & Crosland,* and *James B. Heyward,* of Charleston, *for Respondent,* ▉

June 14, 1954.

STUKES, Justice.

This is an appeal from an order which impliedly refused plaintiff's motion for an order of voluntary nonsuit, without prejudice, and expressly struck out their complaint, for which latter there was no motion before the court.

By their complaint appellants sought damages for allegedly unlawful distraint of certain personal property, as if for rent past due, and for excessive distraint; and for possession of the property. Respondent's demurrer to the complaint was overruled but her motion for order requiring that it be made

more definite and certain by separate statement of the several alleged causes of action was granted; and appellants were allowed thirty days within which to serve an amended complaint. Appellants did not comply with the order and about ten days after expiration of the thirty-day period they moved for an order extending the time for service of amended complaint upon the ground that their counsel was absent on account of other legal business during the latter part of the thirty-day period.

Extension of time was denied by order dated July 13, 1953. On the next day appellants made their motion for order of voluntary nonsuit without prejudice, which was heard by the court on July 18 when the order under appeal was rendered. It states that the hearing was on the motion for nonsuit, recites failure of compliance with the former order requiring service of an amended complaint and proceeds to order that the complaint be stricken out, citing *Jordan v. State Highway Department,* 188 S. C. 83, 198 S. E. 174. Error is obvious; there was no motion by defendant for dismissal of the complaint and the only matter before the court was appellants' motion for nonsuit. There was also error in the refusal of it.

The law relating to the right of a plaintiff to take a voluntary nonsuit, and the effect of it, was reviewed in the recent case of *Moore v. Southern Coatings & Chemical Co.,* 221 S. C. 522, 71 S. E. (2d) 311. There we referred to A. L. R. annotations which contain digests of our leading pertinent decisions. Cases subsequent to the annotations are cited in the opinion in the *Moore case.* It affirmed the granting of an order of voluntary nonsuit at the close of the evidence in that action at law and over the opposition of the defendant.

There is no governing statute but there are at present pertinent rules of the Circuit Court. The last provision of Rule 29 is that a plaintiff has no right to submit to a nonsuit after the jury have retired to consider their verdict; and the first provision of Rule 30 is that the same is true upon submission of a case to a master or referee, when trial is by

that mode. These provisions of the rules are found at page 400 of volume 7 of the Code of 1952. Rule 59, at page 412, requires the payment of costs before a new action may be prosecuted after voluntary nonsuit in the first action. For an instance of enforcement of the last cited rule see *Allen v. Southern Ry. Co.*, 218 S. C. 291, 62 S. E. (2d) 507, which is cited along with its forerunner, *Allen v. Atlanta & Charlotte Air Line Ry. Co.*, 216 S. C. 188, 57 S. E. (2d) 249, 23 A. L. R. (2d) 657, in the *Moore case, supra*.

The rule which has been established by our decisions since the Code, *State v. Southern Ry. Co.*, 82 S. C. 12, 62 S. E. 1116, is that the granting of a voluntary nonsuit is within the discretion of the court but denial of motion therefor is not discreet in the absence of some good reason for resultant prejudice to defendant. Applicable is the following from 27 C. J. S., Dismissal and Nonsuit, § 11, page 165, for which numerous New York cases are cited in the footnotes: "Moreover, the discretionary power of the court is called into action only where the circumstances are such that a termination of the action would be unjust or inequitable to the legal rights of defendant or others." In the 1954 pocket part of the volume are additional citations of numerous subsequent decisions from other jurisdictions, including our case of *Romanus v. Biggs*, 217 S. C. 77, 59 S. E. (2d) 645.

The *Romanus case* illustrates a proper exercise of discretion under the rule which has been stated. In that case of unusual facts plaintiff alleged a partnership in a large business venture which the principal defendant by answer denied but, in the alternative and by way of contended counterclaim, if a partnership relation were established in the action, then for an accounting. Assets were impounded by the court, some later sold under its order and the proceeds applied to specified obligations to a bank defendant. The trial court granted an order of voluntary nonsuit without prejudice, or rather an order of discontinuance because the action was in equity, which was reversed on appeal be-

cause the defendants showed substantial prejudice to them by reason of the uncertainty of their business relations which resulted from plaintiffs' claim of partnership and that large losses had already resulted and would probably continue. The distinction between that case and this is plain. Here the defendant has made no showing at all of prejudice to her except that she will probably have to defend another action, which is not legal prejudice. 27 C. J. S., Dismissal and Nonsuit, § 26, page 183; *Moore case, supra.* The leading opinion in the *Romanus case* quotes from some of our earlier important decisions upon the subject and clearly indicates the propriety of reversal of the order presently under appeal.

The court had occasion to determine and apply the law of this State relating to voluntary nonsuit in *Prudential Ins. Co. of America v. Stack,* 4 Cir., 60 F. (2d) 830, 831, where it was said: "This is the practice in South Carolina, where, in the discretion of the trial judge, such nonsuit should be granted, and where the nonsuit will not work prejudice to the defendant or deny him some substantial right he has acquired in the cause. * * * The right to a nonsuit, if it exists, is absolute. It does not depend upon the reasons which the plaintiff offers for his action, or upon the fact that, as here, no reasons are offered."

Because it has not been argued we have not considered whether appellants may have instituted a new action after their complaint was stricken, without applying for an order of voluntary nonsuit; and no opinion thereabout is intimated.

The order is reversed and the case is remanded for entry of an order of nonsuit, without prejudice.

TAYLOR, OXNER and LEGGE, JJ., and EATMON, Acting Associate Justice, concur.