17117

NORMAN CAULDER, Appellant, v. FRANK SKIPPER *ET AL.*, Respondents

(91 S. E. (2d) 321)

*Messrs. F. Turner Clayton,* of Cheraw, and *J. E. Dudley,* of Bennettsville, *for Appellant,*

*Messrs. Lindsay & Lindsay,* of Bennettsville, *Robert McC. Figg, Jr.,* of Charleston, *for Respondent Gulf Oil Corporation,* and *Tison & Tison,* of Bennettsville, and *Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondents L. E. Hassinger and C. L. McCormac, doing business under the partnership name of Hassinger & McCormac, Frank Skipper and Walter Jacobs,*

February 14, 1956.

TAYLOR, Justice.

This appeal is from an Order refusing motion, before trial, for a nonsuit without prejudice.

This action was instituted in the Court of Common Pleas for Marlboro County by appellant who sought damages for injuries alleged to have been sustained by reason of the exploding of a kerosene stove, caused by gasoline which appellant had purchased from respondent, Frank Skipper, who was employed in the store and filling station of the respondent, Walter Jacobs. Respondents, Hassinger and McCormick, trading and doing business as Hassinger and McCormick Gulf Oil Distributors in Marlboro County and the Gulf Oil Corporation were also named defendants, it being alleged that the gasoline was sold to appellant as kerosene to be used in kerosene heaters. All defendants answered, and motions were made to strike certain portions of such answers and to make more definite and certain other portions. These motions were refused, and the case came on for trial at the March, 1955, Term of Common Pleas Court for Marlboro County but was continued on motion of appellant. Thereafter, on April 30, 1955, appellant served respondents with notice of motion for a voluntary nonsuit without prejudice. This motion was resisted by respondents, and the hearing Judge refused the motion.

The notice of motion set forth no grounds upon which said motion would be based, but the return of respondents set forth four grounds upon which they contended the motion should be denied, ground one being that respondents are entitled to a speedy hearing since the action by its very nature tends to affect and injure the business in a highly competitive market. Ground two is that one of respondents' principal witnesses may not be available at a future date. Ground three is that plaintiff contemplates taking up residence in a foreign State, creating diversity of citizenship for the purpose of renewing his action in the Federal Court which will result in respondents, Hassinger and McCormick, losing their right of having the action tried in the county of their residence, and thereby cause defendants to suffer additional expense and inconvenience. Ground four was inadvertently omitted from the Order, but by reference to

the return, it will be found that this ground states that Hassinger and McCormick have been negotiating for the sale of the business; and because of the pendency of the suit, it is impossible to work out details of the sale; and such situation will continue until the disposition of this case is finally made.

Ground two was dismissed by the hearing Judge as being too indefinite, but grounds one and four were deemed sufficient for refusal of the motion; and in passing upon ground three, the hearing Judge states that plaintiff made no nswer to the charge that he contemplated moving to the State of North Carolina to create a diversity of citizenship for the purpose of renewing his action in the Federal Court, and in his opinion this ground has merit.

It is of no consequence that the movant gave no reason for moving for a nonsuit without prejudice as will be seen by reference to the recent case of *Wildhagen v. Ayers*, 225 S. C. 384, 82 S. E. (2d) 609, 610, wherein this Court quotes from *Prudential Life Ins. Co. of America v. Stack*, 4 Cir., 60 F. (2d) 830, as follows:

" '* * * where, in the discretion of the trial judge, such nonsuit should be granted, and where the nonsuit will not work prejudice to the defendant or deny him some substantial right he has acquired in the cause. * * * The right to a nonsuit, if it exists, is absolute. It does not depend upon the reasons which the plaintiff offers for his action, or upon the fact that, as here, no reasons are offered.' "

A motion for dismissal of a cause without prejudice may not be granted as a matter of absolute right but may be granted in the discretion of the Circuit Judge where it is made to appear that discontinuance will not work material prejudice to the defendant and that such prejudice may not be deduced from the very fact that the granting of the motion would impose upon the defendant the necessity of defending a new suit which may be in the contemplation of the plaintiff. *State v. Southern Ry. Co.,* 82 S. C. 12, 62

S. E. 1116; *Brown v. Palmetto Baking Co.,* 221 S. C. 183, 69 S. E. (2d) 598; 27 C. J. S., Dismissal and Nonsuit, § 26, p 183; *Wildhagen v. Ayers, supra; Pilot Life Ins. Co. v. Habis,* 4 Cir., 90 F. (2d) 842; *Moore v. Southern Coatings & Chemical Co.,* 221 S. C. 522, 71 S. E. (2d) 311. See also, 89 A. L. R. 13, 30, and 126 A. L. R. 284, 287.

Where a discontinuance or dismissal before trial will not result in legal prejudice to a defendant, a plaintiff ordinarily has a right to discontinue any action commenced by him. The party should no more be compelled to continue litigation than to commence it, except where substantial rights of other parties have accrued and injustice will be done to them by permitting its discontinuance. But where nothing appears to show prejudice or violation of the rights or interest of the adverse party, the plaintiff may be granted a voluntary nonsuit, conditioned upon such terms and conditions as may be proper to protect the defendant. *Parnell v. Powell,* 191 S. C. 159, 3 S. E. (2d) 801.

In *Brown v. Palmetto Baking Co., supra* [221 S. C. 183, 69 S. E. (2d) 600], this Court stated the "holdings of this Court which make possible the dismissal of actions without prejudice except in the special circumstances indicated above, might well be questioned, as tending to promote litigation and as involving injustice to defendants, but the rules on this subject as above set forth have too long been the settled law of this State to be questioned at this late day."

Respondents in their return take the further position that they are of the opinion that the motion for a nonsuit without prejudice was made for the purpose of bringing another case in the Federal Court as they were informed and believe that it was appellant's plan and intention to move to the State of North Carolina in order to do so; and, in fact, it is stated in one of the briefs that appellant has done so since the motion was heard and that respondents have already been served in another suit in the Federal Court; and this is not denied. Even so, this position can be of small comfort to

respondents as will be seen by reference to *Prudential Ins. Co. of America v. Stack, supra* [60 F. (2d) 831], where it is stated:

"* * * We think the mere fact that the cases have been removed to the federal court and that there may be a difference in the construction of the contracts between the decisions of the state and federal courts does not constitute such a subsantial right. Here no set-off or counterclaim had been filed, and the action had not so far progressed as to entitle the defendant to an adjudication in its favor. * * *"

The true rule is that a voluntary nonsuit should be granted in the absence of a showing of *legal prejudice* to the defendants, and the discretion of the hearing Judge thereabout is brought to play only upon a showing that legal prejudice would result from the granting of the motion for a nonsuit. *Romanus v. Biggs,* 217 S. C. 77, 59 S. E. (2d) 645; *Wildhagen v. Ayers, supra.*

Ground two was eliminated by the hearing Judge as being too indefinite, and the Order is based upon grounds one, three, and four, the conditions of which naturally flow from respondents' liability to another suit and do not constitute *legal prejudice.* No counterclaim or set-off had been filed, and the action had not progressed so far as to entitle respondents to an adjudication in their favor.

For the foregoing reasons, we are of the opinion that the Order appealed from should be reversed and set aside and an Order of nonsuit entered without prejudice, and it is so ordered.

STUKES, OXNER and LEGGE, JJ., concur.

J. WOODROW LEWIS, Acting Associate Justice, disqualified.