17164

BEULAH JOHNSON, as Administratrix of the Estate of Woodrow Johnson, Respondent, v. ATLANTIC COAST LINE RAILROAD COMPANY and R. Q. POWELL, Appellants.

(92 S. E. (2d) 847)

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, and *Norton & Norton,* of Marion, *for Appellants,* ▮

*J. Ralph Gasque, Esq.,* of Marion, *for Respondent.*

May 17, 1956.

STUKES, Chief Justice.

This action for damages for the alleged wrongful death of plaintiff's intestate-husband was commenced on March 24, 1947. It was brought for the benefit of plaintiff-widow and her and decedent's children. Defendants answered in due time and alleged, *inter alia,* that plaintiff was not the qualified administratrix of the estate of the decedent and was without capacity to bring the action as administratrix.

There is no explanation of the long intervening lapse of time but at the May 1955 term of court plaintiff's attorney moved for an order of voluntary nonsuit without prejudice, which defendants opposed. By order dated May 30, 1955, the court granted the motion, reciting that plaintiff admitted

that she is not the duly appointed and qualified administratrix of the estate and presumably asked for nonsuit without prejudice for the purpose of procuring her subsequent appointment as administratrix; defendants opposed upon the ground, quoting from the order, "that they have substantial rights which would be affected, principally because of the statute of limitations;" it was concluded that the statute may affect plaintiff's rights, but the rights of the minor children were not at that date precluded by the passage of time.

It was unnecessary and thereby improper to pass upon the "rights" of the alleged beneficiaries in any subsequent action which may be brought. It was therefore error to do so, and the soundness of the conclusions will not be examined; appellants' pertinent contentions of error are saved for re-assertion by them in any future action which may be brought upon the same cause, if they be so advised. However, the result of the order was correct and it will be affirmed in result.

Ordinarily, as here, a plaintiff is entitled on motion before trial to an order of voluntary nonsuit without prejudice, in the absence of resulting legal prejudice to the defendant. *Caulder v. Skipper,* S. C., 91 S. E. (2d) 321, and authorities there cited. *Romanus v. Biggs,* 217 S. C. 77, 59 S. E. (2d) 645, which is largely relied upon by the instant appellants, was distinguished on its facts in *Brown v. Palmetto Baking Co.,* 221 S. C. 183, 69 S. E. (2d) 598, and in *Wildhagen v. Ayers,* 225 S. C. 384, 82 S. E. (2d) 609, and the distinction is equally apposite here. Appellants argue only the difficulty in locating their witnesses, if a new action should be brought and tried; but liability to defend another action does not constitute legal prejudice.

The order of voluntary nonsuit without prejudice is affirmed; but the reasons assigned therefor by the lower court are not passed upon.

Affirmed in result.

TAYLOR. OXNER, LEGGE and Moss, JJ., concur.