17444

H. F. BRANHAM, Respondent, v. BONEY DIESEL WORKS CO.,
Inc., George Rabon and Tommy Rabon, of which Boney Diesel
Works Co., Inc., is Appellant

(104 S. E. (2d) 291)

*Messrs. T. P. Taylor* and *J. Reese Daniel,* of Columbia,
*for Appellant,*

*Messrs. Harold W. Funderburk* and *Frank E. Rector,* of Camden, *for Respondent,*

July 7, 1958.

LEGGE, Justice.

This is an appeal from an order refusing a motion for change of venue. In the "Agreed Statement" in the appeal record it is stated that the action is in claim and delivery, its subject being a tractor. The complaint alleged: that the plaintiff and the defendants George and Thomas Rabon resided in Kershaw County and did business under the name of Rabon and Son; that the defendant Boney Diesel Works Co., Inc., was a South Carolina corporation having a place of business at or near Columbia; that plaintiff, the owner of the tractor, gave to a corporation (not a party to the cause) a mortgage of it; that after the execution of this mortgage, its lien not having been discharged, the plaintiff had leased the tractor to George Rabon, who was then operating a sawmill in some county other than Kershaw; that George Rabon had had the tractor repaired by the Boney Company, which thereafter had returned it to the Rabon defendants; and that later the Boney Company, claiming a lien on it, had seized it and converted it to its own use and had sold it to a person or persons unknown to the plaintiff. The complaint also alleged demand by plaintiff upon the defendants for its possession, and refusal of such demand; that the tractor had not been taken for any tax, etc.; and its value at the date of the alleged conversion. Prayer was for its possession or, if possession could not be had, for its value, and for damages for the conversion.

228

The Boney Company moved to change the venue to Richland County "on the grounds that this is an action in claim and delivery and venue is in the county where the property is situate." Code, 1952, Section 10-301 (4). No proof having been offered as to the location of the property either at the time of the commencement of the action or at the time when the motion was argued, the motion was properly denied.

In his order denying the motion, the Circuit Judge said: "Since one of the defendants is a resident of this County I hold that the Court of Common Pleas of Kershaw County has jurisdiction." The motion did not challenge the jurisdiction of the Court of Common Pleas for Kershaw County; the single issue under it was whether the venue should be changed to Richland County. It was unnecessary, and therefore improper, for the Circuit Judge to hold that the Court of Common Pleas for Kershaw County had jurisdiction; and the soundness of his conclusion on that point will not be examined. Cf. *Johnson v. Atlantic Coast Line R. Co.,* 229 S. C. 329, 92 S. E. (2d) 847. The order appealed from correctly disposed of the only issue before the court, and is therefore affirmed in result.

STUKES, C. J. and TAYLOR, OXNER and Moss, JJ., concur.