17452

Ethel Jeffcoat FAIREY, Appellant, v. Ansey L. GARDNER and Clyde Fairey Miller, of Whom Clyde Fairey Miller is Respondent

(104 S. E. (2d) 374)

*Messrs. Leppard & Leppard,* of Chesterfield, and *F. Turner Clayton,* of Cheraw, *for Appellant,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, and *Paul M. Arant,* of Pageland, *for Respondent,*

July 28, 1958.

TAYLOR, Justice.

This appeal presents the question of whether or not the trial Judge abused his discretion and thereby committed error of law in refusing to grant Appellant's motion for a nonsuit without prejudice.

Action was commenced in the Court of Common Pleas for Chesterfield County by Appellant who seeks damages allegedly sustained by her while riding in an automobile driven by Respondent, Clyde Fairey Miller, at the time it collided with an automobile of Ansey L. Gardner. The case had been on the Court of Common Pleas calendar for six terms when Judge J. Woodrow Lewis permitted the same to remain on the calendar providing it be disposed of promptly. There were no counterclaims or cross actions involved.

Upon call of the calendar at the September Term of Common Pleas Court, Appellant moved for a voluntary nonsuit without prejudice and volunteered to pay all taxable costs of Respondent as a result of appearing for trial. The motion was denied; and Appellant then moved for a continuance upon the ground that Dr. D. C. Griggs of Pageland, South Carolina, a material witness, had undergone an emergency operation and was unable to attend trial. The presiding Judge required the Appellant to bring herself within Circuit Court Rule 27. This was done; and Respondent admitted that Dr. Griggs, if present, would testify in accordance with the affidavit of counsel for Appellant.

The next morning the following transpired:

"Mr. Clayton: If the Court please, I am in this matter of Fairey against Gardner to assist Mr. Leppard on his motion for a nonsuit. Our grounds are this, your Honor. That in the case of Fairey against Gardner there is no counterclaim or cross action; that the plaintiff has volunteered to pay all

costs that were incurred by the defendants as a result of appearing here; in addition to the foregoing, your Honor, we would like to introduce a copy of the summons and complaint in an action pending in Federal Court denying coverage under the policy involved in this action upon the ground of lack of cooperation between the assured, that is, Mrs. Clyde Miller, who is the plaintiff in the case of *Miller against Gardner et al.* (Copies of pleadings in Civil Action No. 5432, U. S. District Court, for the Eastern District of South Carolina, Florence Division marked Plfts. Ex. No. 1-A.) Our position is further, your Honor, that we are entitled to a nonsuit until this matter of coverage or lack of coverage is adjudicated since in our opinion the trial of these cases at this time would constitute a needless expense unless and until that question is adjudicated. We further would like to state, your Honor, that it is our legal position that notice of intention to appeal from your Honor's ruling of yesterday has been served and that we take the position that under the circumstances in this matter that acts as a supersedeas in this case.

"The Court: Do I remember correctly that on yesterday you wanted to take a voluntary nonsuit for the purpose of bringing suit again?

"Mr. Clayton: Yes, your Honor, we will very probably do that if coverage is allowed in the action now pending in Federal Court. Of course, if that action were not allowed, then we would be faced with this problem, that of course, is in the cause of Fairey against Gardner and Miller * * *."

Prior to *State of South Carolina v. Southern Ry. Co.,* 82 S. C. 12, 62 S. E. 1116, the rule in equity cases was that all motions to discontinue were addressed to the discretion of the Court and were refused when a discontinuance would work prejudice to the defendant but with respect to actions at law, plaintiff could discontinue or take a nonsuit any time before the decree upon payment of costs, it being stated in *Bank of The State of South Carolina v. Rose,* 1 Rich. Eq. 292:

"* * * that it is not regarded as such prejudice to a defendant, that the complainant, dismissing his own bill, may at his pleasure harrass [sic], him by filing another bill for the same matter. But whenever, in the progress of a cause, a defendant entitles himself to a decree, either against the complainant or against a codefendant, and the dismissal would put him to the expense and trouble of bringing a new suit and making his proofs anew, such dismissal will not be permitted."

The decision in *State of South Carolina v. Southern Ry. Co., supra* [82 S. C. 12, 62 S. E. 1117], abolished the artificial distinction between equity cases and law cases, it being stated therein:

"* * * We think, however, the Code of Civil Procedure of 1902 adopted since the decision of the cases last cited, not only allows, but requires, that the artificial distinction should be abolished, and that the rule of practice in equity making discontinuance to depend on the discretion of the court should be applied to legal actions. Section 453 provides: 'Generally in all matters in which there is any conflict or variance between the rules of equity and the rules of the common law, with reference to the same matter, the rules of equity shall prevail.' "

Material or legal prejudice may not be deduced from the fact that the granting of the motion for nonsuit would impose upon the defendant the necessity of defending another suit which may be within contemplation of the plaintiff, *State of South Carolina v. Southern Ry. Co., supra; Brown v. Palmetto Baking Co.,* 221 S. C. 183, 69 S. E. (2d) 598; 27 C. J. S., Dismissal and Nonsuit, § 26, p. 183; *Wildhagen v. Ayers,* 225 S. C. 384, 82 S. E. (2d) 609; *Pilot Life Ins. Co. v. Habis,* 4 Cir., 90 F. (2d) 842; *Moore v. Southern Coatings & Chemical Co.,* 221 S. C. 522, 71 S. E. (2d) 311.

The recent case of *Caulder v. Skipper,* 228 S. C. 606, 91 S. E. (2d) 321, 323 states the true rule as being that "a voluntary nonsuit should be granted in the absence of a

showing of legal prejudice to the defendants, and the discretion of the hearing Judge thereabout is brought to play only upon a showing that legal prejudice would result from the granting of the motion for a nonsuit." *Romanus v. Biggs,* 217 S. C. 77, 59 S. E. (2d) 645; *Wildhagen v. Ayers, supra.*

No legal prejudice being shown, refusal of Appellant's motion that she be granted a nonsuit without prejudice constituted an abuse of discretion amounting to error of law. The Order appealed from should be reversed, and It Is So Ordered.

Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.