## 18058

Jessie CARL GULLEDGE, Respondent, v. Harvey Walter YOUNG
and Bowman Transportation, Inc., Appellants.

(130 S. E. (2d) 695)

*Messrs. Baskin & Cothran,* of Bishopville, *for Appellant,*

*Messrs. Leppard & Leppard,* of Chesterfield, and *James P. Mozingo, III,* of Darlington, *for Respondent,*

April 23, 1963.

TAYLOR, Chief Justice.

This appeal is from an Order granting plaintiff's motion for a nonsuit without prejudice before trial and presents the question of whether or not the trial Judge thereby abused his discretion.

Action was instituted in the Court of Common Pleas for Darlington County by plaintiff, who seeks damages for injuries allegedly sustained as a result of an automobile-truck collision on July 21, 1960, near Athens, Georgia. The defendant Young, a resident of Anderson County, South Carolina, was the driver of the truck owned by the defendant Bowman Transportation, Inc., (hereinafter referred to as Bowman), a foreign Corporation organized and existing under the laws of the State of Alabama and licensed to do business in the State of South Carolina.

Summons and complaint were served on defendants on December 24, 1960; subsequently motion of defendant Young for change of venue on the grounds of lack of jurisdiction of the person was denied by Order of the Honorable J. Woodrow Lewis, dated March 1, 1961.

On May 17, 1961, defendant Bowman served notice of motion to dismiss the summons and complaint on the grounds of lack of jurisdiction of the subject matter and defendant Young served notice of motion to change the venue to Anderson County in the event defendant Bowman's motion was granted. Defendant Young also served his answer, dated May 17, 1961, to the complaint.

Defendant Bowman's motion was heard by the Honorable James A. Spruill, Jr., on November 17, 1961, at which time various affidavits, certificates and other evidence were presented tending to show that the plaintiff was at the time of

the auto-truck collision in July, 1960, and at the time of the commencement of the action in December, 1960, a resident of the State of California. The plaintiff presented various affidavits, certificates and other evidence tending to show that he was a resident of the State of South Carolina at the time of the collision and at the time of the commencement of suit. After hearing, Judge Spruill took the matter under advisement.

On November 18, 1961, plaintiff prepared notice of motion that he would move before Judge Spruill on November 25, 1961, for a voluntary nonsuit without prejudice, which notice was served upon defendant's counsel on November 20, 1961. At the hearing before Judge Spruill on the above motion plaintiff contended that he was entitled to the voluntary nonsuit as a matter of right. Defendants contended that the plaintiff was not so entitled as the granting of such nonsuit would constitute legal prejudice to or the loss of some legal right to the defendant Bowman. By Order of January 10, 1962, Judge Spruill granted plaintiff's motion for a voluntary nonsuit and defendant's appeal followed.

■ The granting of a voluntary nonsuit without prejudice not only terminates the case as a procedural matter, but leaves the situation as though no suit had ever been brought unless defendant has interposed claim for affirmative relief. *Allen v. Atlanta & Charlotte Air Line Ry. Co.*, 216 S. C. 188, 57 S. E. (2d) 249, 23 A. L. R. (2d) 657; *Kay v. Meadors*, 216 S. C. 483, 58 S. E. (2d) 893; *Allen v. Southern Ry. Co., et al.*, 218 S. C. 291, 62 S. E. (2d) 507; *Moore v. Southern Coatings & Chemical Co.*, 221 S. C. 522, 71 S. E. (2d) 311.

■ Material or legal prejudice may not be deduced from the fact that the granting of the motion for nonsuit would impose upon the defendant the necessity of defending another suit. *State v. Southern Railway Co.*, 82 S. C. 12, 62 S. E. 1116; *Brown v. Palmetto Baking Co.*, 221 S. C. 183, 69 S. E. (2d) 598; *Caulder v. Skipper*, 228 S.

C. 606, 91 S. E. (2d) 321; *Fairey v. Gardner*, 233 S. C. 297, 104 S. E. (2d) 374.

Defendant Bowman contends that it is entitled to an Order dismissing the complaint as to it on the ground that under Section 10-214 of the Code of Laws of South Carolina, 1962, the court has no jurisdiction of the subject matter. (See *Gibbs v. Young et al.*, S. C., 130 S. E. (2d) 484.) However, it has long been settled that a dismissal of an action on the sole grounds that the Court has no jurisdiction of the subject matter of the suit is not an adjudication of the merits of the case and will not bar another action for the same cause. *Turner et al. v. Walker*, 110 S. C. 155, 96 S. E. 481; *Gault v. Spoon*, 168 S. C. 160, 167 S. E. 299; *Whetsell v. Sovereign Camp, W. O. W.*, 188 S. C. 106, 198 S. E. 153; *Langford v. State Board of Fisheries*, 217 S. C. 118, 60 S. E. (2d) 59.

The rule in this State is that a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendants. The trial Judge has no discretion with respect to the granting of such a motion unless and until legal prejudice is shown. In that event, the matter becomes one of discretion for the trial Judge. *Fairey v. Gardner*, 233 S. C. 297, 104 S. E. (2d) 374; *Caulder v. Skipper*, 228 S. C. 606, 91 S. E. (2d) 321.

Appellant Bowman has made no showing that legal prejudice will result from the granting of plaintiff's motion for a voluntary nonsuit and we are of opinion that the Order appealed from should be affirmed, and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.