## 18602

Haskell Lawton GARY, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, and Travelers Insurance Company, of whom Nationwide Mutual Insurance Company is, Appellant.

(152 S. E. (2d) 689)

*Messrs. Earle McGee Rice,* of Anderson, and *Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. Anderson & Chapman,* of Anderson, *for Respondent,*

February 9, 1967.

BUSSEY, Justice.

Plaintiff-respondent, Gary, was injured in an automobile accident which occurred in the early morning hours of December 7, 1962, when an automobile owned by one William C. Richbourg collided with a vehicle operated by the

said Gary. Gary brought suit against Richbourg and one W. C. Haynie, alleged by Gary to be the driver of the Richbourg car at the time of the collision. That action resulted in a verdict in favor of Gary against Haynie in the amount of $4,000.

In the instant action, Gary seeks to recover from the appellant Nationwide the amount of his recovery against Haynie by virtue of an automobile liability policy issued by Nationwide to Haynie covering an automobile owned by Haynie. In his complaint, Gary seeks, alternatively, to recover such amount from Travelers Insurance Company by virtue of uninsured motorist coverage allegedly afforded by Travelers under a policy issued by it to Gary, should it be determined that the policy of Nationwide afforded no coverage to Haynie, and that he was, therefore, an uninsured motorist.

Nationwide, by its answer, alleged, in addition to a general denial, that coverage was forfeited by material misrepresentations in the application of Haynie, that the automobile operated by Haynie at the time of the accident was stolen, resulting in an absence of coverage; and that Haynie had failed to cooperate with Nationwide by failing to make a full disclosure of the facts surrounding the accident and by failing to make himself available at the trial of the tort action. It should here be pointed out that the pleadings in the tort action made an issue of whether the Richbourg automobile was being driven by Haynie or by Richbourg at the time of the accident, Haynie denying that he was the operator thereof. The record in the instant case does not disclose the evidence in the tort action, but the verdict of the jury in that case would, of course, indicate that such jury concluded that Haynie was the driver.

The appeal here is by Nationwide, only, from the rulings of the trial judge, including but not limited to his order granting the plaintiff a voluntary nonsuit without prejudice in the course of the trial.

Upon the conclusion of the evidence in behalf of the plaintiff, Nationwide made a motion for an involuntary nonsuit on the ground, briefly stated, of insufficiency of evidence, which motion was overruled. Thereafter, Nationwide offered certain evidence in support of each of the defenses set forth in its answer. Upon conclusion of the evidence in behalf of Nationwide, plaintiff sought to call W. C. Haynie as a reply witness, but he was not in the court room. It appears from the record that Haynie had been subpoenaed by Nationwide for appearance in the court at 11 o'clock on the morning of the trial, but had not been subpoenaed by plaintiff, whose counsel was aware that he had been subpoenaed by Nationwide. It further appears that the said Haynie had conferred with counsel for plaintiff on the night before trial and again at 9 o'clock on the morning of the trial, and had promised counsel for plaintiff that he would be in the court room at 10 o'clock, he having already been subpoenaed by Nationwide for 11 o'clock.

Upon this showing by plaintiff's counsel, the presiding judge granted plaintiff's motion for a voluntary nonsuit over the objection of counsel for Nationwide who took the position that "At this point the issues have been joined, the testimony has come in, and the case is ready for a ruling by the court, if proper, or a finding by the jury what issues of fact are involved, and we would strenuously object to any nonsuit without prejudice at this time."

Nationwide did not make a motion for a directed verdict in its favor at that time, but, following the *sine die* adjournment of the court, which occurred the same day, Nationwide noticed a motion returnable before the trial judge in Newberry, wherein it sought a vacation of the order of voluntary nonsuit and a judgment in its favor, which motion was denied by the trial judge for lack of jurisdiction.

The exceptions of the appellant are sixteen in number, and in its brief it states and argues seven questions. In our view, however, there are presented for decision only three questions, which are as follows:

1. Was the appellant prejudiced by the denial of its motion for an involuntary nonsuit on the ground of insufficiency of evidence?

2. Was the appellant entitled to a judgment in its favor?

3. Was there error in granting a voluntary nonsuit without prejudice?

With respect to the first question, we think there was no prejudice to appellant in the denial of its motion for an involuntary nonsuit. Granting the plaintiff's motion for a voluntary nonsuit without prejudice left the parties precisely where they would have been had appellant's motion for an involuntary nonsuit been granted. The law is well established in this jurisdiction that the granting of an involuntary nonsuit for insufficiency of evidence is not a decision on the merits, and is not *res judicata*. Had appellant's motion been granted, the plaintiff could have brought the action again. *Whaley v. Stevens,* 24 S. C. 479; *McCown v. Muldrow,* 91 S. C. 523, 74 S. E. 386; *Murphy v. Atlanta & C. A. L. R. Co.,* 102 S. C. 509, 87 S. E. 310; *Morrow v. Atlanta & C. Air Line R. Co.,* 84 S. C. 224, 66 S. E. 186; *Moseley v. Southern R. Co.,* 164 S. C. 193, 162 S. E. 94; *Lancaster v. Smithco, Inc.,* 241 S. C. 451, 128 S. E. (2d) 915.

With respect to the second question, we conclude that the appellant, on the record before us, was not entitled to a judgment in its favor. In view of such conclusion, it becomes unnecessary to consider the question as to whether, as contended by appellant, the trial judge had jurisdiction to hear and determine the motion of appellant made subsequent to the *sine die* adjournment of the court. The appellant did offer evidence tending to support its asserted defenses, and plaintiff, in the absence of Haynie, offered no evidence in contradiction thereof. Since this action may be commenced, and tried again, we refrain from a discussion and analysis of the evidence offered by appellant. Suffice it to say that we have carefully perused the same and conclude that appellant's evidence with respect to each of

its defenses is susceptible of more than one reasonable inference, and under such circumstances, it was clearly not entitled to a judgment in its favor.

With respect to the third question, numerous prior decisions of the court lead us to the conclusion that there was no error on the part of the trial judge in granting plaintiff's motion for a voluntary nonsuit. See *Ralston Purina Co. v. O'Dell,* 248 S. C. 37, 148 S. E. (2d) 736; *Gulledge v. Young,* 242 S. C. 287, 130 S. E. (2d) 695; *Fairey v. Gardner,* 233 S. C. 297, 104 S. E. (2d) 374; *Moore v. Southern Coatings & Chemical Co.,* 221 S. C. 522, 71 S. E. (2d) 311; *Johnson v. Atlantic Coast Line R. Co.,* 229 S. C. 329, 92 S. E. (2d) 847; *Wildhagen v. Ayers,* 225 S. C. 384, 82 S. E. (2d) 609; *Brown v. Palmetto Baking Co.,* 221 S. C. 183, 69 S. E. (2d) 598. The case of *Romanus v. Biggs et al.,* 217 S. C. 77, 59 S. E. (2d) 645, strongly relied on by the appellant, is not at all apposite and is clearly distinguishable on the facts.

The judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., LEWIS and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting J., concur.