18514

RALSTON PURINA COMPANY, Appellant, v. Jack O'DELL, d/b/a O'Dell Feed & Supply, Bill E. O'Dell, Louise Jeter O'Dell and Nancy Jolly O'Dell, Respondents

(148 S. E. (2d) 786)

38

*Messrs. Larkin H. Jennings, Jr.* of Union, and *Robinson, McFadden & Moore,* of Columbia, *for Appellant,*

*Messrs. Long & Long* and *Jolly & Wilburn,* of Union, *for Respondents,*

June 2, 1966.

Moss, Chief Justice.

Ralston Purina Company, the appellant herein, instituted this action against Jack O'Dell to recover the sum of $9,102-.69 for goods and merchandise sold him between December 5, 1960 and June 28, 1961. Joined as defendants were Bill E. O'Dell, Louise Jeter O'Dell and Nancy Jolly O'Dell under agreement whereby they allegedly guaranteed payment of the said account. Jack O'Dell denied the existence and the amount of the indebtedness and filed a counterclaim for the alleged fraudulent procurement and use of the credit instruments. The other three defendants denied execution of the guaranty agreement.

The case came on for trial before The Honorable James W. Workman, Judge of the Union County Civil Court, and a jury, resulting in a verdict for Ralston against Jack O'Dell in the amount of $4,000.00. The trial judge on several occasions refused to permit the introduction into the evidence of the guaranty agreement, other than against Jack C. O'Dell. When this happened, Ralston moved for a voluntary nonsuit without prejudice as to the defendants Bill E. O'Dell, Louise Jeter O'Dell and Nancy Jolly O'Dell. This motion was refused by the trial judge upon the ground that if such were granted it would permit Ralston to sue the defendants *ad infinitum* and would impose upon the defendants the necessity of defending another suit.

At the close of the testimony an involuntary nonsuit was granted as to the defendants other than Jack O'Dell; a verdict was directed in favor of Ralston on his counterclaim, and the issue of his liability submitted to the jury. Ralston made a motion for a directed verdict for the amount of its account against Jack O'Dell. The motion was refused. After the rendition of the verdict in favor of Ralston against Jack O'Dell in the amount of $4,000.00, Ralston then made a motion for judgment *non obstante veredicto* in the amount of $8,740.47, this being the amount sued for less an admitted

payment in the amount of $362.22, which was paid after suit was commenced. This motion was also refused. This appeal followed.

Ralston has filed numerous exceptions in its appeal from the judgment of the lower court. However, it is only necessary in our view of the case to consider two questions raised by such exceptions.

The first question to be determined is whether the trial judge erred in failing to grant the motion of Ralston for a directed verdict against Jack O'Dell in the amount of $8,740-.47, and, likewise, in failing to grant Ralston's *non obstante veredicto* motion for judgment in this amount.

Witnesses for Ralston testified in detail as to the amount due it by Jack O'Dell. A detailed verified statement of this account was attached to the complaint. This evidence, which was undisputed, clearly shows that Jack O'Dell's indebtedness to Ralston was $8,740.47. Jack O'Dell did not, by any testimony, dispute the existence or the amount of his indebtedness to Ralston. There is only one inference that can be drawn from the testimony and that is that Jack O'Dell was indebted to Ralston in the amount above stated. It is our rule that if the evidence is susceptible of only one reasonable inference, the court should decide the question as one of law. *Skipper v. Hartley,* 242 S. C. 221, 130 S. E. (2d) 486. Under this rule, Ralston was entitled to a directed verdict against Jack O'Dell for the amount due it by him. The trial judge was in error in not so holding.

The other question for decision is whether the trial judge erred in refusing the motion of Ralston for a nonsuit without prejudice as to Bill E. O'Dell, Louise Jeter O'Dell and Nancy Jolly O'Dell.

The rule in this state is that a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendant. The trial judge has no discretion with

respect to the granting of such motion unless and until legal prejudice is shown. In that event the matter becomes one of discretion for the trial judge. Legal prejudice may not be deduced from the fact that the granting of the motion for a voluntary nonsuit would impose upon the defendants the necessity of defending another suit. *Gulledge v. Young*, 242 S. C. 287, 130 S. E. (2d) 695.

The defendants, Bill E. O'Dell, Louise Jeter O'Dell and Nancy Jolly O'Dell, made no showing that legal prejudice would result to them from the granting of the plaintiff's motion for a voluntary nonsuit. These defendants filed a general denial and asked for no affirmative relief. It follows that the motion of Ralston for a voluntary nonsuit should have been granted and the failure of the trial judge to so hold was error.

The judgment of the lower court is reversed and this case remanded thereto so that judgment can be entered in favor of Ralston Purina Company against Jack O'Dell in the amount of $8,740.47, and an order issued granting to Ralston a voluntary nonsuit without prejudice against the other defendants.

Reversed and remanded.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting Justice, concur.