18737

Rebecca FOSTER, Respondent, v. UNITED INSURANCE
COMPANY OF AMERICA, Appellant
(158 S. E. (2d) 201)

Messrs. *Levi & Wittenberg* of Sumter, *for Appellant,*

Messrs. *Richards, Caskey & Richards,* of Lancaster, *for Respondent,*

December 11, 1967.

BUSSEY, Justice.

This is an action on a life insurance policy in the amount of $500.00, in which plaintiff-respondent, as named beneficiary, sought to recover both actual and punitive damages, and elected on the trial of the cause to proceed on the theory of a breach of the contract accompanied by a fraudulent act or acts. At the conclusion of plaintiff's evidence, the defendant-appellant moved for an involuntary nonsuit on several grounds, including lack of any insurable interest in the life of the insured, which motion was denied, at least in part, on the ground that the defendant had offered documentary evidence in the course of the plaintiff's case. At the conclu-

sion of the defendant's case, a motion for directed verdict was made on several grounds, including that of no insurable interest on the part of the plaintiff. While such motion was under argument, plaintiff moved for a voluntary nonsuit without prejudice, which motion was granted by the trial judge on the ground that the defendant had not pled lack of insurable interest as a defense, and that plaintiff was, accordingly, taken by surprise.

The defendant has appealed, asserting that it was entitled to either a nonsuit with prejudice or a directed verdict on several grounds, including lack of insurable interest, and that the trial judge was in error in granting a voluntary nonsuit without prejudice. In our view of the matter the defendant, under the circumstances and evidence disclosed by the record, was entitled to a directed verdict, and the lower court was in error in refusing such and granting a nonsuit without prejudice. Such being our view, the facts and all inferences reasonably deducible therefrom are necessarily stated in the light most favorable to the plaintiff, and are gleaned only from the testimony of the plaintiff herself, and uncontradicted evidence on behalf of the defendant.

In the fall of 1965, plaintiff, an illiterate Negro woman, was 50 years of age and lived in the Liberty Hill section of Lancaster County. She had sixteen policies of insurance on the lives of various persons with the defendant. An agent of the defendant sought to sell her additional insurance and the plaintiff agreed to take a policy on the life of one Lucille McClurkin, who was not present and did not live in the home of the plaintiff, but was reputedly a second cousin of the plaintiff. As plaintiff could not write, the agent completed and signed the application, but misunderstood the name of the intended insured and signed the application "Lucile Kirkley". As far as the record shows, there is no such person as Lucile Kirkley known either to the plaintiff or the defendant, but due to the misunderstanding, the policy here sued on was issued and delivered to plaintiff, which

purported to insure Lucile Kirkley, although Lucille Mc-Clurkin was the intended insured.

Plaintiff paid the weekly premium on this policy but never communicated to McClurkin the fact that she had procured a policy on her life. Lucille McClurkin, who was fifty years or more of age, died on January 21, 1966, and, following her death, plaintiff filed claim on the policy which she had procured from the defendant, liability being denied by the company.

It is obvious, we think, from the testimony of plaintiff herself that she had no insurable interest in the life of Lucille McClurkin. While plaintiff had known Lucille all of her life, she did not know exactly how she was related to Lucille, but testified that her father had, at some undisclosed time, told her that Lucille was her second cousin, on his side of the family. Precisely where Lucille lived does not appear in the record, but she obviously lived in the countryside some distance away from the home of the plaintiff. The only contact between the plaintiff and Lucille was that Lucille occasionally came by the plaintiff's house, en route to church, and occasionally plaintiff would visit Lucille. Plaintiff was not in any way responsible for the funeral bill of Lucille, and actually declined a request to pay the same, saying that she hadn't taken out the insurance to pay on the funeral. In addition to the testimony of the plaintiff which gives rise to no other reasonable inference than that she had no insurable interest in the life of Lucille, there is undisputed testimony on behalf of defendant that Lucille had been in bad health for a number of years; that she had had a cancer operation in 1962, of which plaintiff was admittedly totally unaware; and was the recipient of public welfare benefits. It is quite clear that the contract here sued on was void for lack of insurable interest, on the part of the beneficiary, who procured and paid for the policy without the knowledge of the insured. *Elmore v. Life Insurance Co. of Virginia,* 187 S. C. 504, 198 S. E. 5; *Henderson v. Life Insurance Co. of Virginia,* 176 S. C. 100, 179 S. E. 680.

The contract being void, it follows that the plaintiff has no cause of action arising out of such contract.

In so, holding, we intimate no opinion as to what other cause of action, if any, plaintiff may have arising out of the facts disclosed by the record other than upon the contract itself.

The plaintiff-respondent relies on cases such as *Ralston Purina Co. v. O'Dell,* 248 S. C. 37, 148 S. E. (2d) 736, which holds that a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right, unless there is a real showing of legal prejudice to the defendant, and that the trial judge has no discretion with respect to granting such motion unless and until legal prejudice is shown. While the precise point here involved has not apparently been passed upon, we know of no decision which has approved the granting of a voluntary nonsuit without prejudice, when such was granted after defendant was clearly entitled to have its motion for a directed verdict granted. Normally, and as a general rule, material or legal prejudice to the defendant, which would preclude allowance of a voluntary nonsuit, may not be deduced from the mere fact that the granting of the motion would impose upon the defendant the necessity of defending another suit.

We think this general rule, however, is not soundly applicable to a case such as this where even the testimony of the plaintiff herself (who was in better position than anyone else to know the facts of her relationship and connection with the insured), proved her lack of insurable interest, and the trial had proceeded to a point where the defendant was clearly entitled to a judgment on the merits. The granting of a voluntary nonsuit without prejudice under these circumstances and allowing the plaintiff to reassert a cause of action which she had proved she does not have would not only work, we think, material injury to the defendant, but would needlessly trespass upon the time of the court itself.

■ Assuming that under these circumstances the matter was still within the discretion of the trial judge, his discretion was erroneously exercised. While lack of insurable interest is sometimes pled as a defense and has occasionally been spoken of as a defense, in judicial opinions, we are unaware of any authority for the proposition that lack of insurable interest is an affirmative defense which is required to be pled or proved by the insurer, where as here the beneficiary procured and paid for the insurance. The entire weight of authority seems to be to the contrary. In 46 C. J. S. Insurance § 1319, p. 429, is the following language,

"Thus the burden of proof in the first instance is on plaintiff to prove the existence and validity of the contract or policy sued on, * * *"

And at page 431,

"It is generally held, at least where the policy is issued to one person on the life of another, that the burden is on the one to whom the policy was issued to show his insurable interest in the life of the person insured, * * *"

In 29 A Am. Jur. 905, Insurance, Sec, 1842, the rule is stated as follows,

"If a person procures insurance upon the life of another, it is the general rule that he must prove an insurable interest in such life in order to recover upon the policy; * * *"

To the same general effect is Appleman, Insurance Law and Practice, Secs. 12130, 12223.

For the reasons hereinabove set forth, we conclude that the judgment of the lower court should be reversed and the cause remanded for entry of judgment in favor of the defendant-appellant, without prejudice, however, to any cause of action the plaintiff may have, other than one arising out of or under the void policy or contract.

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.