20453

Sara M. WALKER, Respondent, v. Sandra H. JONES, Continental Roofing & Painting, Inc. and Bobby Joe Cassidy, Defendants, of whom Sandra H. Jones and Continental Roofing & Painting, Inc., are Appellants.

(235 S. E. (2d) 810)

*Ernest J. Nauful, Jr., Esq., of Callison, Tighe, Nauful and Rush,* Columbia, *for Appellants,*

*Messrs. Dallas D. Ball and Hammond A. Beale,* of Columbia, *for Respondent,*

June 13, 1977.

GREGORY, Justice:

This appeal is from the grant of a voluntary nonsuit without prejudice to respondent Walker in a personal injury action. We affirm.

Respondent sued appellants and one other party, Cassidy, for damages resulting from an automobile accident. After the testimony had been taken, appellants and Cassidy moved for directed verdicts, which motions the trial judge denied. Just before closing arguments respondent and Cassidy reached a settlement on a covenant not to sue and the action against Cassidy was dismissed.

Respondent then moved for a mistrial. The judge denied this motion, but thereafter granted respondent's motion for a voluntary nonsuit without prejudice.

The only question is whether the lower court abused its discretion by granting the motion. The only relief sought by appellants is an order dismissing the suit "with prejudice."

Circuit Court Rule 45 governs the voluntary nonsuit. Section (1) of the rule provides for dismissal by the plaintiff before the defendant has answered, or by stipulation.

Section (2) says that except under the conditions of Section (1), the plaintiff cannot dismiss except by order of the court "upon such terms and conditions as the Court deems proper." That section also says that if defendant has counterclaimed before plaintiff's motion to dismiss, the court cannot dismiss over defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

The party opposing the motion for voluntary nonsuit without prejudice must show prejudice (i. e., "legal" prejudice) to successfully defeat the motion. *Harmon v. Harmon,* 257 S. C. 154, 184 S. E. (2d) 553 (1971). That prejudice is not merely the possibility of defending another suit. *E. g., Ralston Purina Co. v. O'Dell,* 248 S. C. 37, 148 S. E. (2d) 736 (1966); *Home Owner's Loan Corp. v. Huffman,* 134 F. (2d) 314 (8th Cir. 1943) (interpreting F.R.C.P. 41[a] [2], identical to Circuit Court Rule 45[2]).

In the present case appellants have shown no legal prejudice; they have shown only that they have been put through the time and expense of trial. The trial judge did not impose any "terms and conditions," such as reimbursement to appellants for expenses and attorneys' fees, upon the nonsuit. Such reimbursement may be required by the trial judge in the proper exercise of his discretion. *New York, C. and St. L. R. Co. v. Vardaman,* 181 F. (2d) 769 (8th Cir. 1950); *Eaddy v. Little,* 234 F. Supp. 377 (D.S.C. 1964). But in the instant case appellants did not raise the issue of expenses and attorneys' fees at trial and do not argue it on appeal. Under those circumstances, we think the trial judge did not abuse his discretion by failing to impose conditions upon the dismissal. [1]

---

[1] Some conditions are imposed automatically by Circuit Court Rule 59. Although that rule is not at issue in this appeal, we direct attention to it: "[w]here a party has suffered a nonsuit . . . all proceedings in any new action, for the same cause, shall be suspended until all costs and disbursements as may be taxed by the Clerk of such former actions have been paid."

Several of the cases relied on by appellants, in which the appellate court found an abuse of discretion in the lower court's dismissal of a suit without prejudice, involved attempts by the plaintiff to enter a nonsuit without prejudice after receiving a reaction from the trial court that his claim was untenable. (See, for instance, *Rollinson v. Washington National Ins. Co.*, 176 F. (2d) 364 [4th Cir. 1949]; *Western Union Telegraph Co. v. Dismang*, 106 F. (2d) 362 [10th Cir. 1939].) In the present case the opposite is true. The record does not suggest that the trial judge commented unfavorably on respondent's case. Moreover, the trial judge refused appellants' motions for directed verdicts.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.