0279

Julia F. MARLOW, Appellant, v. John Christopher MARLOW, Respondent.
(325 S. E. (2d) 703)

Court of Appeals

156

*E. Windell McCrackin,* of *McCrackin & Barnett,* Myrtle Beach, *for appellant.*

*Robert H. O'Donnell,* of *Schneider & O'Donnell, P.A.* Georgetown, *for respondent.*

Heard June 20, 1984.

Decided Sept. 19, 1984.

Feb. 4, 1985.

SHAW, Judge:

This is an action instituted by appellant-Julia Marlow for an implied easement over property of respondent-John Marlow. The trial judge denied Mrs. Marlow's motion for a voluntary nonsuit or discontinuance and also refused to recognize she has an implied easement over an existing dirt road. Instead, the trial judge established a twenty-foot wide easement in the location designated by Mrs. Marlow which is the primary issue on appeal. We affirm.

Prior to March 22, 1978, the parties each owned an undivided one half interest in a 124.8 acre tract of land. On or about March 22, 1978, the land was partitioned with Mr. Marlow taking the "front" parcel and Mrs. Marlow the "rear" tract. In the deed, Mr. Marlow granted to Mrs. Marlow an easement over his parcel, despite the existence of an eighteen foot wide dirt road running through his land to her land. The terms of the easement read as follows:

> An easement or right of way for the purpose of ingress, egress and regress over and upon the lands retained by the Grantor herein, John Christopher Marlow, in order to enable the Grantee [Mrs. Marlow] to have access to Tract Number One (1) as described below. The Grantor reserves the discretion as to the location of said access and it is understood that said easement or right of way shall accrue solely for the benefit of the Grantee, Julia F. Marlow, her heirs and assigns, and shall not extend to the general public at large.

In the exercise of his discretion, Mr. Marlow proposed a new road. The location of the proposed road is south of the existing road and is situated near the "break" of the highland and a swamp. This location is unsatisfactory with Mrs. Marlow. She claims the location is unreasonable and she has an implied easement over the existing road with the right to improve it.

Mrs. Marlow desires a fifty-foot wide road because that is the required road width for receiving maintenance from the county. A publicly maintained road would aid her plans to subdivide her property for residential purposes (however, see the language of the easement that it "shall not extend to the general public at large"). Even with a fifty-foot road, she would still need a third party's permission for public access. In her brief, Mrs. Marlow concedes she "could live with the location" of the proposed road if the width were forty-feet.

After hearing the case on its merits, the trial judge agreed to defer his ruling to give the parties an opportunity to settle the case. No settlement was reached. Mrs. Marlow then filed a notice and motion for a voluntary nonsuit followed thereafter by a notice and motion for a discontinuance. Mr. Marlow opposed these motions. Prior to the issuance of the trial judge's order, Mrs. Marlow obtained a voluntary nonsuit from another circuit judge. The trial judge then issued his order denying Mrs. Marlow's motions for a voluntary nonsuit and discontinuance, denying her request for an implied easement over the existing road, and finding that Mr. Marlow's proposed road location with a twenty foot width was the most reasonable. Mr. Marlow was ordered to provide up to, but not in excess of 1200 cubic yards of fill dirt.

On appeal of an action in equity, tried by a judge alone without a reference, the Court of Appeals has the jurisdiction to find facts in accordance with its own views as to the preponderance of evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). Of course, we may also correct errors of law.

Mrs. Marlow initially argues the trial judge erred by proceeding with the action after the voluntary nonsuit had been granted and, if not, the trial judge then abused his discretion by denying her motion for a discontinuance.

Motions for nonsuits are not entertained in suits in equity. *Case v. Case*, 243 S. C. 447, 134 S. E. (2d) 394 (1964). After filing a motion for a voluntary nonsuit, Mrs. Marlow then correctly filed a motion for a discontinuance.[1]

Circuit Court Rule 45(2) states in pertinent part:

> Except as otherwise provided in this Rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

It is undisputed the motion to discontinue was first made to the trial judge, David H. Maring. Before Judge Maring had ruled on the motion, Judge Peeples considered the matter *ex parte* and issued an "administrative" order granting the nonsuit.[2]

There is not doubt an administrative judge has the power to grant or deny a motion for a discontinuance or a nonsuit. *See Crout v. SCN Bank*, 278 S. C. 120, 293 S. E. (2d) 422 (1982). However, after the trial of the case has begun, the granting of a motion for a voluntary nonsuit is within the discretion of the trial judge. (Emphasis added.) *Cunningham v. Independence Ins. Co.*, 182 S. C. 520, 189 S. E. 800 (1937); *Armitage v. Seaboard Air Line Ry. Co.*, 166 S. C. 21, 164 S. E. 169 (1932).

In *Crout*, the motion was made to the administrative judge five days prior to the date the case was scheduled to be heard. Here, the motion was made after the case had been tried on its merits during a period of when the trial judge deferred ruling to give the parties an opportunity to settle their dispute. There was no error on the part of the trial judge in proceeding with the action.

---

[1] The distinction between the two motions being wholly technical and unimportant, and their result being the same, this court would have had no hesitation in treating the motion for a nonsuit as a motion to discontinue. *Romanus v. Biggs*, 217 S. C. 77, 59 S. E. (2d) 645 (1950); *Case v. Case, supra.*

[2] The "administrative" order consisted of a checklist of reasons for striking a case from the active roster. Judge Peeples marked the first item — "Voluntary Nonsuit without Prejudice" — and signed the form. The form order contained no provision for costs and attorney's fees. See South Carolina Code Section 15-37-10 (1976); Circuit Court Rule 45(2); *Walker v. Jones*, 269 S. C. 19, 235 S. E. (2d) 810 (1977).

The trial judge found that discontinuance of the action would result in legal prejudice to Mr. Marlow. Ordinarily, a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right, unless there is a showing of legal prejudice to the defendant. *Gulledge v. Young,* 242 S. C. 287, 130 S. E. (2d) 695 (1963). If no legal prejudice is shown, the trial judge has no discretion with respect to granting a motion for discontinuance; but if prejudice is shown, the matter becomes one of discretion for the trial judge. *Id; Ralston Purina Co. v. Odell,* 248 S. C. 37, 148 S. E. (2d) 736 (1966); *Harmon v. Harmon,* 257 S. C. 154, 184 S. E. (2d) 553 (1971). The mere possibility of defending another suit if the motion is granted does not constitute legal prejudice. *Ralston Purina Co. v. Odell, supra.*

In this case the trial judge found prejudice in the fact that discontinuance of the action would leave the rights of the parties with respect to the easement unsettled. In effect, failure to adjudicate their claims would leave a cloud on Mr. Marlow's title and would interfere with his full use and enjoyment of the property. In our opinion, this cloud on Mr. Marlow's title constituted sufficient legal prejudice to place the matter of a discontinuance within the discretion of the trial judge. We find no abuse of his discretion in refusing the motion for discontinuance.

In his answer, Mr. Marlow affirmatively alleged he expressly reserved for himself the sole discretion as to the location of the easement. When the owner of the servient estate has the right to select the location of the easement, he must exercise his right in a reasonable way, having due regard to the interests and rights of the owner of the dominant estate. *Brasington v. Williams,* 143 S. C. 223, 141 S. E. 375 (1927); *Abdalla v. State Hwy. Comm.,* 261 N. C. 114, 134 S. E. (2d) 81 (1964). By affirmatively pleading his express right to determine the location of the easement, Mr. Marlow is entitled to a judicial determination that the location selected was reasonable and chosen with due regard to Mrs. Marlow's rights. This brings us to the merits of the case.

Mrs. Marlow did not except to the trial judge's ruling she had no implied easement along the existing dirt road. Rather, she claims the location for the easement decreed by him is unreasonable, for various reasons, and the existing road

location would be more reasonable under all the facts and circumstances of this case.

The rights of one claiming an easement by express ██ ██ grant are limited within the scope of the privilege. The extent of the servitude is determined by the terms of the grant. *Forest Land Co. v. Black*, 216 S. C. 255, 57 S. E. (2d) 420 (1950); *Gordon v. Hoy*, 211 Va. 539, 178 S. E. (2d) 495 (1971). By terms of the easement, Mrs. Marlow is entitled to have access to her land for the purpose of ingress, egress and regress; this right is personal to her and does not extend to the general public at large.

The location chosen by Mr. Marlow is entirely reason- ██ able and will give Mrs. Marlow access to her land. The new location is four hundred feet shorter than the existing road and is not flood prone. It will be less expensive to build the new road than to expand the old one; this is particularly true since Mr. Marlow will be providing the fill dirt.

There was testimony at the trial a twenty foot wide road could accommodate two way automobile traffic. Such a road is sufficient to provide Mrs. Marlow with access to her land. Mrs. Marlow wants the road wide enough to be eligible for county maintenance which would further her plans for sub-dividing the property for residential purposes. However, by the express terms of the grant, the easement is not for public use. A forty or fifty foot road is obviously not contemplated by the terms of the grant restricting the use of the easement to access purpose by Mrs. Marlow, her heirs and assigns. To so hold would violate the rules of construction. *Forest Land Co. v. Black, supra*. The location and width of the easement as found by the trial court gives due regard to the rights of Mrs. Marlow and is sufficient to provide her with access to her land. The law requires no more.

Finally, there was testimony the new location of the ██ road would allow Mr. Marlow to make the maximum use of the prime farmland his property contains. The conveyance of an easement does not interfere with the gran-tor's right to enjoy his land. The grantor retains the right of full dominion and use of the land, except insofar as a limita-tion thereof is essential to the reasonable enjoyment of the

easement granted. *Georgia Power Co. v. Leonard,* 187 Ga. 608, 1 S. E. (2d) 579 (1939); *State Hwy. Dept. v. Noble,* 114 Ga. App. 3, 150 S. E. (2d) 174 (1966).

Affirmed.

BELL and CURETON, JJ., concur.