22318

Samuel W. G. SHIPP, III, Respondent, v. RICHARDSON CORPORATION OF SOUTH CAROLINA, INCORPORATED, and James M. Turner, Appellants.

(330 S. E. (2d) 291)

Supreme Court

*Howell V. Bellamy, Jr.*, of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.*, Myrtle Beach, *for appellants.*

*James P. Stevens*, of *Stevens, Stevens, Thomas, Hearn & Hearn, P.A.*, Loris; and *Bernard D. Dusenbury, Sr.*, of *Bernard D. Dusenbury, Sr. & Associates*, Florence, *for respondent.*

Heard April 24, 1985.

Decided May 14, 1985.

*Per Curiam:*

In this appeal Richardson Corporation of South Carolina, Incorporated, and James M. Turner contend that the trial court erred in granting a voluntary nonsuit without prejudice and in the amount awarded them for costs and attorney fees relative to the granting of the nonsuit.

We affirm in part, reverse in part and remand.

### FACTS

This litigation was initiated when Samuel W. G. Shipp, III, filed an action against Richardson and Turner alleging causes of action in contract and the tort of conversion, to which both defendants demurred.

Following a hearing on the demurrer, Special Circuit Judge David H. Maring issued an order stating that Shipp had elected to proceed in conversion and would so amend his complaint.

At trial before Circuit Judge Marion H. Kinon, Richardson and Turner moved for an involuntary nonsuit at the conclusion of Shipp's case. The motion was taken under advisement.

Thereafter, and prior to a ruling on the motion, Shipp moved to be allowed to reopen his case for the submission of additional evidence. His motion was granted and, after additional evidence was submitted, Shipp then moved, over objection, for a voluntary nonsuit without prejudice.

The trial judge granted the voluntary nonsuit motion but ordered that Shipp pay attorney fees of $400.00 and costs of $189.45.

Richardson and Turner appeal.

## ISSUES

The two issues presented are (1) whether the trial judge erred in granting the motion for voluntary nonsuit without prejudice and (2) whether, upon the granting of the motion, the trial judge erred in the amount awarded for costs and attorney fees.

## I. VOLUNTARY NONSUIT WITHOUT PREJUDICE

Circuit Court Rule 45 permits the trial judge to dismiss an action "upon such terms and conditions as the Court deems proper."

In *Walker v. Jones*, 269 S. C. 19, 21, 235 S. E. (2d) 810, we held that legal prejudice must be shown to defeat a motion for voluntary nonsuit without prejudice and, further, that the possibility of defending another suit does not constitute legal prejudice.

Moreover, our scope of review is limited to a showing of abuse of discretion by the trial judge, which we do not find from the record here.

## II. COSTS AWARDED TO RICHARDSON AND TURNER

In court-determined attorney fees wide discretion vests in the trial court. However, when the amount is patently inadequate, that discretion is abused and constitutes legal error.

Here, the legal services rendered by counsel for Richardson and Turner, in the preparation of pleadings, in trial preparation and in the adversary trial proceedings, clearly exceeded a value of $400.00.

Initially, the action filed by Shipp was the subject of a demurrer, heard and ruled upon by Special Judge David Maring; after the re-draft of Shipp's complaint, preparation for trial, including discovery, was required; at the subsequent trial the motion of Richardson and Turner for involuntary nonsuit, vigorously argued and not frivolous, was made at conclusion of Shipp's case; Shipp's motion to re-open his case for submission of additional evidence was followed by his motion for voluntary nonsuit without prejudice, also vigorously contested by Richardson and Turner.

Finally, as a result of the foregoing, the litigation is extended to a possible second trial which Richardson and Turner must bear the legal cost of defending.

While the possibility of defending another suit shall not defeat a motion for voluntary nonsuit without prejudice, *Walker, supra,* it is a factor to be considered in the context of the language in Circuit Court Rule 45 that "an action shall not be dismissed at the plaintiff's instance save upon order of the Court *and upon such terms and conditions as the Court deems proper."* [Emphasis supplied.]

## CONCLUSION

We affirm the trial court's granting of the motion for voluntary nonsuit without prejudice. We reverse the award of costs and attorney fees and remand to the circuit court for a proper determination.

Affirmed in part; reversed in part; and remanded.