22607

John MOORE, Respondent v. BERKELEY COUNTY and South Carolina Wildlife and Marine Resources Department, Appellants.

(348 S. E. (2d) 174)

Supreme Court

*Chief Counsel Buford S. Mabry, Jr.,* and *Staff Counsel James A. Quinn,* both of *South Carolina Wildlife and Marine Resources Dept.,* Columbia, *for appellant South Carolina Wildlife and Marine Resources Dept.*

*John H. Tiencken, Jr.,* of *Watson, Creech & Tiencken,* Moncks Corner, *for appellant Berkeley County.*

*Kenneth Michael Suggs,* of *Suggs and Kelly,* Columbia, *for respondent.*

Heard May 7, 1986.

Decided Sept. 2, 1986.

FINNEY, Justice:

This is a tort action by the respondent, John Moore,

against the appellants, Berkeley County and the South Carolina Wildlife and Marine Resources Department, for personal injuries received on August 27, 1982, as a result of a diving accident in waters known as Durham Creek in Berkeley County. The action was commenced on June 12, 1985. The appellants answered and moved for summary judgment alleging, among other defenses, sovereign immunity. Prior to the hearing on the motion, the respondent orally moved for a voluntary nonsuit without prejudice. The trial court granted the motion for nonsuit and this appeal followed. We affirm.

Procedurally, the heart of this controversy is the trial court's ruling on the motion for a voluntary nonsuit after the appellants filed an answer and a motion for summary judgment. Under South Carolina Rules of Civil Procedure 41(a)(2)[1] an action shall not be dismissed at the plaintiff's instance after the service of an answer or motion for summary judgment, except by order of the Court.

In *Marlow v. Marlow*, 284 S. C. 155, 325 S. E. (2d) 703 (S. C. App. 1984) the Court of Appeals summarized the right of a plaintiff to a nonsuit as follows:

> Ordinarily a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right, unless there is a showing of legal prejudice to the Defendant. *Gulledge v. Young*, 242 S. C. 287, 130 S. E. (2d) 695 (1963). If no legal prejudice is shown, the trial judge has no discretion with respect to granting a motion for discontinuance; but if prejudice is shown, the matter becomes one of discretion for the trial judge. *Id; Ralston Purina Co. v. Odell*, 248 S. C. 37, 148 S. E. (2d) 736 (1966); *Harmon v. Harmon*, 257 S. C. 154, 184 S. E. (2d) 553 (1971).

The appellants contend they will be legally prejudiced if the nonsuit is sustained because they will lose their absolute defense of sovereign immunity, citing *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985). The respondent contends the McCall decision is clear, needs no amplification, and

---

[1] At the time of the institution of this action, Circuit Court Rule 45 was in effect. On July 1, 1985, the new rules of civil procedure became effective and this action proceeds under South Carolina Rules of Civil Procedure 41(a)(2), which is essentially the same as old Circuit Court Rule 45.

further, that it would be inappropriate for this Court to issue an advisory opinion regarding the applicability of *McCall* to possible future proceedings in this action. We disagree with the respondent's position. It is obvious that a clarification of *McCall v. Batson* is essential to a just resolution of this controversy.

In *McCall*, this Court abolished the doctrine of sovereign immunity as it applies to the state and local subdivisions of government, subject to certain limitations and allowed a transition period. The limitations pertinent to this case are:

> (2) Sovereign immunity will not bar recovery in any case currently pending or in those filed on or before July 1, 1986, provided the defendant has liability insurance coverage. Recovery shall not exceed the limits of the liability insurance coverage.
> (3) Sovereign immunity shall not apply to any case filed after July 1, 1986.

The source of the difference between the positions of the appellants and the respondent is the use of the word "filed" in Items (2) and (3) above. In deciding *McCall v. Batson*, the Court intended that sovereign immunity shall not bar recovery in any case pending or which arose prior to July 1, 1986, provided the governmental entity was covered by liability insurance; in which event, recovery could not exceed the limits of the liability insurance coverage. Sovereign entities not covered by liability insurance would continue to enjoy sovereign immunity until July 1, 1986. As to causes of actions arising on or after July 1, 1986, sovereign immunity shall be abolished.[2]

In light of our clarification of *McCall v. Batson*, the appellants may continue to assert the defense of sovereign immunity and are not legally prejudiced. Therefore, we find no abuse of discretion by the trial court in granting the motion for nonsuit.

Affirmed.

---

[2] Nothing set forth in this decision shall indicate an opinion concerning any action which the legislature may take with regard to sovereign immunity.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.

GREGORY, Justice (concurring).

I adhere to my position as set forth in *McCall v. Batson*, but agree with the majority's clarification of the new rule's application.