23138

Antonia CUTCHIN and John Cutchin, Respondents v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.

(389 S. E. (2d) 646)

Supreme Court

*W. Francis Marion, Jr.,* and *Moffatt G. McDonald, Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant.*

*J. D. Todd* and *Samuel W. Outten, Leatherwood, Walker, Todd & Mann,* Greenville, *for respondents.*

Heard Dec. 7, 1989.

Decided Jan. 22, 1990.

CHANDLER, Justice:

South Carolina Department of Highways and Public Transportation (Dept.) appeals a jury verdict in favor of Respondents Antonia and John Cutchin (the Cutchins). We affirm.

## FACTS

In 1954 or 1955, Dept. constructed a cement culvert under U. S. Highway 123 By-Pass in Easley. The culvert is approximately 40 yards from the Cutchins' home.

During the 1970's, the Cutchins' yard was flooded by rainwater on several occasions. In August, 1984, during a rainstorm, floodwaters rose above the window sills of their home, causing severe damage. A second, similar flood occurred in August, 1985.

The Cutchins instituted this inverse condemnation against Dept., alleging that the cement culvert was improperly constructed, causing damage to their home from the floodwaters. The Cutchins received a jury award of $70,000.

## ISSUES

1. Does the statute of limitations bar the Cutchins' claim?
2. Did the Court err in refusing Dept.'s motion for a directed verdict?
3. Did the Court improperly charge the jury?
4. Does the doctrine of "Assumption of Risk" bar the Cutchins' claim?

## DISCUSSION

### I. STATUTE OF LIMITATIONS

Dept. contends that the injuries complained of are permanent in nature and that, since the Cutchins' yard was flooded by rainwater in the 1970's, this action is barred.[1] We disagree.

"If the injury ... is of a permanent character, then it follows that the plaintiff has a single cause of action which cannot be split." *Webb v. Greenwood County*, 229 S. C. 267, 277, 92 S. E. (2d) 688, 692 (1956). Where, however, the cause of the injury is *abatable*, each injury gives rise to a new cause of action which may be commenced within the applicable limitations period. *Id.; McCurley v. South Carolina Highway Department*, 256 S. C. 332, 182 S. E. (2d) 299 (1971).

Here, the Cutchins' expert testified that the size of the pipe in the culvert was inadequate, a problem which could be readily corrected by installation of additional pipes or one large pipe.

Accordingly, the cause of the injury being abatable, the Cutchins' suit was timely commenced within the six year statute of limitations.

---

[1] S. C. Code Ann. § 15-3-530, the applicable statute here, bars a cause of action arising more than six years prior to the institution of suit.

## II. DIRECTED VERDICT

Dept. claims it was entitled to directed verdict, in that (1) no evidence was presented that the culvert, as initially installed, was improperly constructed, or (2) that in no event did it proximately cause the damages. We disagree.

In ruling on a directed verdict motion, the trial court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party, and if it is susceptible of more than one reasonable inference, the case should be submitted to the jury. *Santee Portland Cement v. Daniel International Corp.*, 299 S. C. 269, 384 S. E. (2d) 693 (1989).

The Cutchins' expert testified that the culvert was inadequate when built and inadequate now. Additionally, there is uncontradicted evidence in the record that Dept.'s own maintenance engineer made the statement that the pipe in the culvert was too small. Finally, there is evidence that Dept. estimated the drainage area to be 200 acres when, in fact, it was 552 acres.

Viewing this evidence in the light most favorable to the Cutchins, the trial court correctly submitted the case to the jury.

## III. JURY CHARGE

Dept. next contends that the judge's charge on foreseeability and proximate cause were insufficient. The charge, when considered in its entirety, adequately apprised the jury of the applicable law. *Deloach v. Beaufort Gazette*, 281 S. C. 474, 316 S. E. (2d) 139, *cert. denied*, 469 U. S. 981, 105 S. Ct. 384, 83 L. Ed. (2d) 319 (1984).

## IV. ASSUMPTION OF RISK

Lastly, Dept. argues that the Cutchins assumed the risk of flooding by purchasing a home in a floodplain. We disagree.

The defense of assumption of risk is established when the plaintiff freely and voluntarily enters into a known danger and is subsequently injured. *Baker v. Clark*, 233 S. C. 20, 103 S. E. (2d) 395 (1958).

Here, there is no evidence the Cutchins were aware their home was in a floodplain at the time of purchase in 1967, or that the culvert, installed in 1954 or 1955, had been im-

properly designed. Dept.'s motion for directed verdict was properly denied.

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.