597 S.E.2d 894

**James E. KNIGHT, Jr., and Frederick Zeigler, Appellants,**

v.

**Jene Marie WAGGONER, Respondent.**

**No. 3819.**

Court of Appeals of South Carolina.

Submitted April 6, 2004.

Decided June 7, 2004.

Peter D. Protopapas, of Columbia, for Appellants.

Spencer Andrew Syrett, of Columbia, for Respondent.

BEATTY, J.:

James E. Knight, Jr., and Fredrick Zeigler (Appellants) appeal a ruling by the trial court at the close of evidence allowing Jene Marie Waggoner (Respondent) to voluntarily withdraw counterclaims for trespass and conversion upon a motion by Appellants for a directed verdict on those claims. Appellants contend that dismissing these counterclaims without prejudice was an abuse of the trial judge's discretion. We affirm.

## FACTS

Appellants own property located at 813 Harden Street, Columbia, South Carolina, which adjoins Respondent's vacant lot at the rear of Respondent's property. Respondents erected a fence between the properties prior to Appellants obtaining title to their land. The fence is approximately one foot from Appellants' property line on Respondent's property and encloses an area measuring one foot by sixty feet of Respondent's land. Appellants encroached onto this strip of land in a manner and for a time period they believed satisfied the requirements of adverse possession. In 2000, they brought this action for adverse possession.

In May 2001, Respondent moved to amend her answer to assert counterclaims for trespass and conversion as well as request a jury trial. In February 2002, the trial court granted the motion over Appellants' objection. On July 15—17, 2002, the case was tried before a jury. At trial, Appellants moved for a directed verdict on Respondent's counterclaims because, over the course of the trial, Respondent had not mentioned the

counterclaims, their elements, or presented any evidence of damages. Respondent moved for a dismissal of the claims without prejudice. Over Appellants' objections, the judge treated the counterclaims as being withdrawn, and dismissed the claims without prejudice. This appeal follows.

## STANDARD OF REVIEW

■ Ordinarily, a plaintiff is entitled to a voluntary dismissal without prejudice as a matter of right, unless there is a showing of legal prejudice to the defendant. *See Moore v. Berkeley County,* 290 S.C. 43, 44, 348 S.E.2d 174, 175 (1986); *Gulledge v. Young,* 242 S.C. 287, 291, 130 S.E.2d 695, 697 (1963). If no legal prejudice is shown, the trial judge has no discretion with respect to granting a dismissal without prejudice; but if prejudice to the other party is shown, the matter becomes one of discretion for the trial judge. *Id.*; *Ralston Purina Co. v. O'Dell,* 248 S.C. 37, 41–42, 148 S.E.2d 736, 737 (1966). The same rules regarding voluntary dismissal of a plaintiff's claim apply to voluntary dismissal of a defendant's counterclaim. *See* Rule 41(c), SCRCP.

## LAW/ANALYSIS

■ Appellants contend that the trial judge erred in granting, without prejudice, Respondent's motion for voluntary dismissal of her counterclaim. Appellants argue they have suffered legal prejudice as the result of the trial court's abuse of discretion. We disagree.

■ Pursuant to our standard of review, the determination of this case hinges on Appellants' showing at trial, or lack thereof, of legal prejudice that would result from the granting of Respondent's motion. If no showing of legal prejudice is made before the trial judge, the judge must grant a motion for voluntary dismissal. *Moore,* 290 S.C. at 44, 348 S.E.2d at 175. The burden of this showing of legal prejudice lies solely on the party seeking to defeat the motion. *See Prime Med. Corp. v. First Med. Corp.,* 291 S.C. 296, 300, 353 S.E.2d 294, 297 (Ct.App.1987).

■ As the parties opposing the motion for a voluntary dismissal without prejudice, Appellants failed to carry their

burden of showing legal prejudice. Appellants conceded that the issues relating to Respondent's counterclaims and any ensuing damages were not addressed during trial. Appellants reasoned that the trial judge should have denied Respondent's motion because Appellants' claims had already been tried.[1] A showing by an opposing party that it has already been put through the time and expense of a trial does not, standing alone, constitute legal prejudice; nor does the mere possibility that the party may have to defend another lawsuit at a later date. *Walker v. Jones*, 269 S.C. 19, 21, 235 S.E.2d 810, 810–11 (1977). All other justifications for a finding of legal prejudice are asserted by Appellants for the first time on appeal and, therefore, are not preserved for our review. *See Wilson v. Builders Transport, Inc.*, 330 S.C. 287, 294, 498 S.E.2d 674, 678 (Ct.App.1998) (finding that an argument not presented to the trial court on record is not preserved for appellate review).

■ Furthermore, the grant or denial of Respondent's motion for voluntary dismissal is largely rendered moot by the fact that the alleged trespasses are of a continuing nature and appear to be reasonably and practicably abatable. *See Silvester v. Spring Valley Country Club*, 344 S.C. 280, 287, 543 S.E.2d 563, 567 (Ct.App.2001) ("A nuisance is continuing if abatement is reasonably and practicable possible."). Where there are continuing abatable invasions of one's property by another, the injury is a continuous one and each injury by encroachment gives rise to a new cause of action. *See Cutchin v. South Carolina Dept. of Highways and Public Transp.*, 301 S.C. 35, 37, 389 S.E.2d 646, 648 (1990). Therefore, Respondent could file a later suit against Appellants, identical or similar to her dismissed counterclaims, regardless of the trial court's ruling on the motion at issue.

## CONCLUSION

Because Appellants failed to meet their burden of showing legal prejudice at trial and this issue is predominantly moot, the decision of the trial court is

**AFFIRMED.**

HEARN, C.J., and ANDERSON, J., concur.

---

1. During trial, neither party raised the counterclaims.