THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Trinity
 Investments, LLC, Respondent,
 v.
 Marina
 Ventures, Inc. and Pioneer Properties, Inc., Appellants.
 
 
 

Appeal From Georgetown County
  Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No. 2011-UP-587
 Heard October 31, 2011  Filed December
21, 2011

AFFIRMED

 
 
 
 Franklin D. Beattie, Jr. and G. Turner Perrow, Jr., of Georgetown,
 for Appellants.
 Laura Mitchum Moyer and Robert Wade Maring, of Georgetown, for
 Respondent.
 
 
 

PER CURIAM: Marina Ventures, Inc. and Pioneer
 Properties, Inc. appeal the appointment of a receiver to sell property in
 satisfaction of a mortgage, arguing (1) the circuit court lacked subject matter
 jurisdiction to appoint a receiver; (2) even if the circuit court had subject
 matter jurisdiction, the appointment was improper; (3) laches and adverse adjudication
 bar the appointment of a receiver; and (4) a presumption of payment arises from
 the creditors' repeated abandonment of a foreclosure action.  We affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.  As
 to whether the circuit court had subject matter jurisdiction to appoint a receiver:
 S.C. Code Ann. § 15-65-10(4) (2005) (providing the circuit
 court may appoint a receiver "when a corporation has been dissolved, is insolvent,
 or in imminent danger of insolvency . . ."); S.C. Code Ann. § 15-65-10(1) (2005) (providing the circuit court may appoint a
 receiver before judgment when the applicant shows the property is in
 "danger of being lost or materially injured or impaired" and the
 applicant has a right to that property in the possession of an adverse party).  
2.  As to the
 remaining issues: Jones v. Lott, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) (holding issues and
 arguments are only preserved for review when they are raised to and ruled on by
 the circuit court); S.C. Dep't of
 Transp. v. First Carolina Corp. of S.C.,
 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (holding issues not raised to and
 ruled upon by the circuit court are not preserved for appellate review); S.C. Dep't of Transp. v. M & T Enter., 379 S.C. 645, 658-59, 667 S.E.2d 7, 15 (Ct. App.
 2008) ("Without an initial ruling by the . . . [circuit] court, a
 reviewing court simply would not be able to evaluate whether the . . .
 [circuit] court committed error."); Knight
 v. Waggoner, 359 S.C. 492, 496, 597 S.E.2d 894, 896 (Ct. App. 2004) (finding
 arguments made for first time on appeal are not preserved for review).
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.