THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Regions Bank, Respondent,
 
 
 

v.

 
 
 
 Stonebridge Development
 Group, LLC; Plantation Isle Equity Group, LLC, a Maryland Limited Liability
 Company; Carolina Federal Savings Bank; Plantation Isle Equity Partners
 General Partnership; Michael Aiello; Frank M. Harvey a/k/a Francis M. Harvey;
 Brandon Advertising, Inc.; Rubeling & Associates, Inc.; Carolina Custom
 Docks, LLC; J. Mark Caldwell, individually; and Carolina Clearing &
 Grading, Inc., Defendants,
 Of whom Frank
 M. Harvey a/k/a Francis M. Harvey is the Appellant.
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2012-UP-276
Heard April 11, 2012 - Filed May 9, 2012

AFFIRMED

 
 
 
 Lawrence J. Gebhardt, of Baltimore, Maryland
 and Lee Anne Walters, Rutledge Young, III, and Charles S. Altman, all of
 Charleston, for Appellant.
 Sarah Patrick Spruill, of Greenville and
 Stanley H. McGuffin and Louise M. Johnson, both of Columbia, for Respondent.
 
 
 

PER CURIAM: Frank Harvey appeals the master's order
 declining to set aside default judgment. On appeal, Harvey argues the master
 erred by (1) determining he was properly served a summons and complaint and (2)
 not holding an evidentiary hearing. We affirm pursuant to Rule 220(b)(1),
 SCACR, and the following authorities:
1. As to whether the master
 erred in determining Harvey was properly served:  Fassett v. Evans, 364
 S.C. 42, 47, 610 S.E.2d 841, 843 (Ct. App. 2005) ("It is the plaintiff[']s
 burden to show that the court has personal jurisdiction over the
 defendant."); Richardson Constr. Co. v. Meek Eng'g & Constr., Inc.,
 274 S.C. 307, 311, 262 S.E.2d 913, 915 (1980) ("An affidavit of service is [p]rima facie
 evidence of service which may be impeached by extrinsic evidence."); Patel v. S. Brokers, Ltd., 277 S.C. 490, 493, 289 S.E.2d 642, 644 (1982)
 (holding a defendant's mere denial of service is insufficient to rebut the
 presumption).
2. As to whether the master
 erred by not holding an evidentiary hearing: S.C. Dep't of Transp. v. First
 Carolina Corp. of S.C., 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007)
 (holdingissues not raised and ruled upon
 in the trial court will not be considered on appeal); Knight v. Waggoner,
 359 S.C. 492, 496, 597 S.E.2d 894, 896 (Ct. App. 2004) (arguments made for
 first time on appeal are not preserved for review). 
AFFIRMED.
PIEPER and KONDUROS, JJ., and CURETON, A.J., concur.