**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Champion Window Company of Columbia, LLC,
Respondent,

v.

Keith B. Evans and Brenda C. Evans, Appellants.

Appellate Case No. 2022-001755

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-048
Submitted January 2, 2026 – Filed February 4, 2026

———————

**AFFIRMED**

———————

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia, for Appellants.

Carlos W. Gibbons, Jr., of Ashley & Gibbons, PA, of Columbia, for Respondent.

———————

**PER CURIAM:**  Keith B. Evans and Brenda C. Evans appeal the circuit court's order granting judgment in favor of Champion Window Company of Columbia, LLC (Champion) in the amount of $40,612.85.  The Evanses argue Champion and the circuit court failed to comply with the mandatory mediation requirement under

the South Carolina Court-Annexed Alternative Dispute Resolution Rules prior to hearing the case.  The Evanses request this court to vacate the circuit court's order for judgment, compel mediation, and impose sanctions against Champion, including dismissal of the action and attorney's fees and costs.  We affirm pursuant to Rule 220(b), SCACR.

We hold this issue is not preserved for appellate review because it was not raised to or ruled on by the circuit court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Knight v. Waggoner*, 359 S.C. 492, 496, 597 S.E.2d 894, 896 (Ct. App. 2004) (holding an issue raised for the first time on appeal is not preserved for appellate review).  The Evanses did not raise the issue of mediation or reference the South Carolina Court-Annexed Alternative Dispute Resolution Rules in their answer or at the merits hearing, and the circuit court did not rule on the issue in its order for judgment.

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.